## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **INTERNATIONAL UNION OF PAINTERS AND** | : | **CIVIL ACTION** |
| **ALLIED TRADES DISTRICT COUNCIL NO. 21** | : | |
| **HEALTH AND WELFARE FUND** | : | **NO.** |
| 2980 Southampton-Byberry Road | : | |
| Philadelphia, PA 19154 | : | |
| | : | |
| **and** | : | |
| | : | |
| **INTERNATIONAL UNION OF PAINTERS AND** | : | |
| **ALLIED TRADES DISTRICT COUNCIL NO. 21** | : | |
| **ANNUITY FUND** | : | |
| 2980 Southampton-Byberry Road | : | |
| Philadelphia, PA 19154 | : | |
| | : | |
| **and** | : | |
| | : | |
| **INTERNATIONAL UNION OF PAINTERS AND** | : | |
| **ALLIED TRADES DISTRICT COUNCIL NO. 21** | : | |
| **JOB RECOVERY FUND** | : | |
| 2980 Southampton-Byberry Road | : | |
| Philadelphia, PA 19154 | : | |
| | : | |
| **and** | : | |
| | : | |
| **FINISHING TRADES INSTITUTE OF THE** | : | |
| **MID-ATLANTIC REGION** | : | |
| 2980 Southampton-Byberry Road | : | |
| Philadelphia, PA 19154 | : | |
| | : | |
| **and** | : | |
| | : | |
| **INTERNATIONAL UNION OF PAINTERS AND** | : | |
| **ALLIED TRADES DISTRICT COUNCIL NO. 21** | : | |
| **INDUSTRY ADVANCEMENT FUND** | : | |
| 2980 Southampton-Byberry Road | : | |
| Philadelphia, PA 19154 | : | |
| | : | |
| **and** | : | |
| | : | |
| | : | |
| **INTERNATIONAL UNION OF PAINTERS AND** | : | |
| **ALLIED TRADES DISTRICT COUNCIL NO. 21** | : | |
| **VACATION FUND** | : | |

2980 Southampton-Byberry Road
Philadelphia, PA 19154

and

INTERNATIONAL UNION OF PAINTERS AND
ALLIED TRADES DISTRICT COUNCIL NO. 21
SCHOLARSHIP FUND
2980 Southampton-Byberry Road
Philadelphia, PA 19154

and

INTERNATIONAL UNION OF PAINTERS AND
ALLIED TRADES DISTRICT COUNCIL NO. 21
JOB ORGANIZATION PROGRAM TRUST FUND
2980 Southampton-Byberry Road
Philadelphia, PA 19154

and

JOSEPH ASHDALE,
in his official capacity as a Trustee of the
International Union of Painters and Allied Trades
District Council No. 21 Health and Welfare Fund
2980 Southampton-Byberry Road
Philadelphia, PA 19154

and

INTERNATIONAL UNION OF PAINTERS AND
ALLIED TRADES DISTRICT COUNCIL NO. 21
2980 Southampton-Byberry Road
Philadelphia, PA 19154

                              Plaintiffs,

                    v.

GERHARD CONTRACTING, LLC
565 W. Washington Street
Wernersville, PA 19565

                         Defendant.

## COMPLAINT

### The Parties

1.      Plaintiffs International Union of Painters and Allied Trades ("IUPAT") District

Council No. 21 ("DC21") Health and Welfare Fund, IUPAT DC21 Annuity Fund, IUPAT DC21

Job Recovery Fund, Finishing Trades Institute of the Mid-Atlantic Region, IUPAT DC21

Industry Advancement Fund, IUPAT DC21 Vacation Fund, IUPAT DC21 Scholarship Fund, and

the IUPAT DC21 Job Organization Program Trust Fund (hereafter collectively, "Plaintiffs

Funds") are employee benefit plans pursuant to Section 3(3) of the Employee Retirement

Income Security Act (hereafter, "ERISA"), 29 U.S.C. Section §1002(3), with their principal

office located at 2980 Southampton-Byberry Road, Philadelphia, PA 19154, within this judicial

district.  Plaintiff Funds are due and owing relief being sought from Gerhard Contracting, LLC

as set forth below.

2.      Plaintiff Joseph Ashdale, a trustee of Plaintiff Health and Welfare Fund, acts as a

fiduciary on behalf of Plaintiff Funds within the meaning of Section 3(21)(A) of ERISA, 29

U.S.C. §1002(21)(A), for the purposes of collecting delinquent contributions, and brings this

action in such capacity on behalf of all Plaintiff Funds, having been so duly authorized by the

Trustees of each of the Plaintiff Funds.

3.      Plaintiff, International Union of Painters and Allied Trades District Council No.

21 (hereafter, "Plaintiff Union"), is an unincorporated labor organization within the meaning

of Section 3(5) of the Labor Management Relations Act of 1947 (hereafter "LMRA"), as

amended 29 U.S.C. §185, with its principal office located at 2980 Southampton-Byberry

Road, Philadelphia, PA 19154. Plaintiff Union brings this action in its capacity as collective

bargaining agent for the covered employees of Defendant, Gerhard Contracting, LLC.

4.      Defendant, Gerhard Contracting, LLC, (hereinafter, "Defendant") is a limited

liability company doing business at 565 W. Washington Street, Wernersville, PA 19565.

5.    Defendant is engaged in interstate commerce within the meaning of  Section 2(6) of the LMRA, as amended, 29 U.S.C. §152(6), and has employed members of Plaintiff Union pursuant to a collective bargaining agreement in the Commonwealth of Pennsylvania.

6.    Defendant is an Employer within the meaning of Section 2(2) of the National Labor Relations Act and Section 301 of the LMRA, as amended, 29 U.S.C. §§152(2) and 185, and Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1002(5) and 1145.

## Jurisdiction & Venue

7.    Jurisdiction of the District Court is invoked pursuant to Section 301 of the LMRA, as amended, 29 U.S.C. §185, in that the Defendant is an employer within the meaning of the LMRA, and party to a collective bargaining agreement which forms the basis and substance of the matters at issue in this litigation; and 28 U.S.C. §1337, providing for original jurisdiction in civil actions that arise out of an Act of Congress regulating commerce.

8.    Jurisdiction of the District Court is invoked pursuant to the provisions of Section 502 and Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1132 and 1145, in that Defendant is an employer as defined by ERISA.  The Eastern District of Pennsylvania is the proper venue under ERISA section 502(e)(2), 29 U.S.C. §1132(e)(2), because the Plaintiff funds are administered in this judicial district.

## **Cause of Action**

**Defendant's Outstanding Obligations Owed to Plaintiffs Pursuant to Sections 502 and 515 of ERISA**

9.    Plaintiffs hereby incorporate the allegations of paragraphs 1 through 8, as if set forth fully herein.

10.     Plaintiff Union and Defendant are parties to a collective bargaining agreement(s), which requires that Defendant make certain contributions on a timely basis to Plaintiff Funds, and remit certain payments to Plaintiff Union, based upon the performance of covered work by its employees who are members of Plaintiff Union. A copy of the Collective Bargaining Agreement, in relevant part, is attached hereto as Exhibit A.

11.     Defendant, like all other contributing employers to Plaintiff Funds, is required to submit monthly reports setting forth the hours worked by eligible employees covered under the collective bargaining agreement(s), and to timely remit contributions to Plaintiff Funds, at rates commensurate with those required under the collective bargaining agreement(s), for all hours worked. The collective bargaining agreement(s) further note that liquidated damages and interest shall be assessed to untimely and/or unpaid fringe benefit contributions until the employer cures its delinquency. See Exhibit A, Article 13.13.1, pgs. 27-28; *see also*, a true and correct copy of the IUPAT District Council No. 21 Health and Welfare Fund Delinquency Policy by which assessments of interest and liquidated damages are governed is attached hereto as Exhibit B.

12.     Notwithstanding the obligations contained in said collective bargaining agreement(s), Defendant failed to timely remit the required fringe benefit contributions. Defendant employed workers for whom it failed to timely remit required benefit contributions for the periods of October 2014 through April 2017. As a result of the Defendant's untimeliness in payment of the required benefit contributions owed to the Plaintiffs, a delinquency for the total amount of $24,343.23, which included unpaid fringe benefit contributions in the amount of $3,179.96, liquidated damages in the amount of $20,250.00, and interest in the amount of $913.27, which was owed to the Plaintiffs.

13.     Defendant was notified of the fringe benefit contribution delinquency and made partial payment towards the sums due and owing in the amount of $4,320.74, which included

payment towards current contributions for the sum of $3,179.69 and interest owed through the date of payment on those delinquent current contributions in the amount of $1,141.05, but has failed to remit any payment towards the liquidated damages owed, totaling **$20,250.00**, due to its failure in timely remitting benefit contributions to the Plaintiff Funds for the abovementioned periods.  True and correct copies of a Notice sent by the Funds Office dated October 26, 2017, and the Notices sent by Plaintiffs' Counsel, dated March 6, 2018 and April 11, 2018, are attached hereto as Exhibits C and D, respectively.

14.     Further, in accordance with the collective bargaining agreement(s) with Plaintiff Union, Defendant is also required to submit to auditing of its books and records at reasonable intervals for the purpose of determining the accuracy of the contributions made by the Employer to the Plaintiff Funds. See Exhibit A, Article 13.9, pages 26 – 27.

15.     On or about September 12, 2018, the Plaintiff Funds completed, through an independent auditor, an audit of Defendant's payroll records for the contribution periods of January 1, 2014 through December 31, 2017.

16.     As detected by the audit, Defendant employed workers for whom it failed to remit required benefit contributions for the abovementioned audit periods, which resulted in an initial audit delinquency owed to the Plaintiff Funds in the total amount of $28,753.99, which included audit principal due and owing in the amount of $20,286.33, liquidated damages in the amount of $4,057.27, interest accrued to present in the amount of $2,389.98, and the cost of audit in the amount of $2,020.41. A copy of the audit is attached hereto as Exhibit E.

17.     Defendant was notified of the audit delinquency, and made partial payment towards the audit delinquency due to the Plaintiff Funds, but has failed, or refused, to make appropriate and timely payment in full for the total audit delinquency and remains delinquent to

the Plaintiff Funds in the amount of **$9,059.34,** which includes interest owed on the unpaid audit contributions up through date of payment in the amount of $2,981.66, liquidated damages in the amount of $4,057.27, and the cost of the audit in the amount of $2,020.41. A copy of the Audit Report Notice sent by the Auditor dated October 31, 2018, a copy of the Notice sent by Plaintiffs' Counsel, dated November 27, 2018, and a copy of the Notice sent by the Funds Office dated December 28, 2018, are attached hereto as Exhibits F, G and H, respectively.

18.     These amounts may change as Defendant makes payments, partial payments and/or fails to make payments due as a result of additional or prior work performed under the collective bargaining agreement(s).

19.     Lastly, under the terms of the same collective bargaining agreement, Defendant is required to provide a wage and payment bond or a letter of credit to the Plaintiff Funds for at least **$30,000.00,** which would allow the Plaintiff Funds to resolve, in whole or in part, current contribution delinquencies that become due and owing for covered work performed by members employed by Defendant without need for litigation. To date, Defendant has continuously failed to provide proof of a wage and payment bond or a letter of credit in the amount of **$30,000.00** to the Plaintiff Funds. See Exhibit A, Article 12, pgs. 17-20.

20.     Plaintiffs are entitled to a provision permitting immediate registration in another District of any judgment entered in this action.

**WHEREFORE**, Plaintiffs request this Court to grant judgment against Defendant and in favor of Plaintiffs, and to award relief as follows:

a.     Judgment in the amount of **$29,309.34**, or such other amounts as may be due and owing when this cause of action reaches judgment, as provided for by Section 502 of ERISA;

b.     An Order compelling Defendant to provide proof of a wage and payment bond, or a line of credit, for the sum of **$30,000.00** to the Plaintiff Funds, as provided for by the

applicable collective bargaining agreement(s);

       c.     Reasonable counsel fees, interest to run at rate of 7%, and costs of suit, as provided for by Section 502 of ERISA;

       d.     Injunctive relief ordering Defendant to remit employer reports, contributions and other required payments in a timely fashion; and

       e.     Other relief as the Court deems just and proper.

Respectfully submitted,
**SPEAR WILDERMAN, P.C.**

BY: _____

SYRETTA J. MARTIN
230 South Broad Street, Suite 1400
Philadelphia, PA 19102
(215) 732-0101
Attorney for Plaintiffs

Dated: May 6, 2019

# Exhibit

# A

**DRYWALL FINISHERS**
**May 1, 2018 to April 30, 2021**

### Signature Page

In Witness whereof, the parties hereto, intending to be legally bound, have hereunto set their hands and seals the day and year and for and period extended by Article 27.5

From: _____   To: _____

I/We, the undersigned, an EMPLOYER in the Painting, Paperhanging, Drywall, and Glazing Industries, have read the foregoing Agreement, am familiar with its provisions, accept and agree to be bound by all its terms and conditions. I also agree, with the signing of this Agreement, to provide to District Council No. 21 a complete list of all my journeypersons and apprentices whom I employ.

### Independent Employer or Association

**District Council # 21**
**International Union of Painters and Allied Trades**

BY _/s/_ _____
          Joseph T. Ashdale
**Business Manager/Secretary Treasurer**

_Gorhzid Contracting LLC_
          **Company**

BY _/s/_ _____ CEO
**Employer Representative or Independent Employer Association**

1

## COLLECTIVE BARGAINING
## AGREEMENTS

Between

**District Council No. 21
International Union of Painters
and Allied Trades AFL-CIO-CLC**

and the

**Associated Master Painters and Decorators Inc. of Philadelphia and
Vicinity**

and the

**Interior Finish Contractors Association of Delaware Valley**

and the

**Architectural Glass and Metal Association of Philadelphia and
Vicinity**

and the

**P.D.C.A. of Northeast Pa.**

and the

**P.D.C.A. of Harrisburg**

and the

**Keystone Contractors Association**

and

**All Independent Employers and Associations**

**Starting, May 1, 2017 (Painters)
Starting, May 1, 2018 (Drywall, Glaziers & Upstate)**

**See Duration clause, Article 27, for EXPIRATION DATES**

1

## TABLE OF CONTENTS

| Article | 1 | Recognition |
| Article | 2 | Union Security |
| Article | 3 | Check-off Administrative Dues |
| Article | 4 | Function of Management |
| Article | 5 | Contract Increases & Territories |
| Article | 6 | DC Representative |
| Article | 7 | General Work Conditions |
| Article | 8 | Picketing |
| Article | 9 | Subletting of Contract |
| Article | 10 | Preservation of Work |
| Article | 11 | Grievance & Arbitration |
| Article | 12 | Security of Funds |
| Article | 13 | Various Funds |
| Article | 14 | Pinpointing Funds |
| Article | 15 | Industry Advancement Funds |
| Article | 16 | DC #21 Apprenticeship |
| Article | 17 | State Safety Code Compliance |
| Article | 18 | Compensation Insurance Coverage Work Injury |
| Article | 19 | Acts, Relations, Rulings, Legal Jurisdiction |
| Article | 20 | Promotion for Better Journeypersons & Industries |
| Article | 21 | More Favorable Terms |
| Article | 22 | Drug & Alcohol Policy |
| Article | 23 | Specific Provisions & conditions For All Crafts by Zones, Painter, Wallcoverers Zone 1 & 5 |
| Article | 24 | Specific Provisions & conditions For All Crafts by Zones, Painters, Wallcoverers & Drywall Finishers Zones 2, 3 & 4 |
| Article | 25 | Specific Provisions & conditions For All Crafts by Zones Drywall Finishers, Zones 1 & 5 |
| Article | 26 | Specific Provisions & conditions For All Crafts by Zones Glaziers, Zones 1 through 6 with zones 2, 3 & 4 in a separate book |
| Exhibit A | | SIZE SCHEDULE |
| Article | 27 | Duration |

## Articles of Agreement

This Agreement is made and entered into this first (1st) day of May 1, 2017 between the ASSOCIATED MASTER PAINTERS AND DECORATORS, INC. OF PHILADELPHIA AND VICINITY  AND entered into this first day of May 1, 2018 between the INTERIOR FINISH CONTRACTORS ASSOCIATION OF DELAWARE VALLEY, ARCHITECTURAL GLASS AND METAL ASSOCIATION OF PHILADELPHIA AND VICINITY, P.D.C.A. OF NORTHEAST PA, P.D.C.A.- HARRISBURG AND KEYSTONE CONTRACTORS ASSOCIATION, hereinafter called the "EMPLOYER", and DISTRICT COUNCIL # 21 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO-CLC, OF EASTERN PENNSYLVANIA, SOUTHERN NEW JERSEY, AND THE STATE OF DELAWARE, HEREAFTER called the "COUNCIL".

**Now, Therefore, This Agreement Witnesseth:**

## ARTICLE 1

## Recognition

1.1     **Recognition:**
        The Union recognizes the ASSOCIATED MASTER PAINTERS AND DECORATORS, INC. OF PHILADELPHIA AND VICINITY, INTERIOR FINISH CONTRACTORS ASSOCIATION OF DELAWARE VALLEY, ARCHITECTURAL GLASS AND METAL ASSOCIATION OF PHILADELPHIA AND VICINITY,  P.D.C.A. OF NORTHEAST PA, P.D.C.A.- HARRISBURG, KEYSTONE CONTRACTORS ASSOCIATION, AND ALL INDEPENDENT EMPLOYERS & ASSOCIATIONS as the exclusive collective bargaining representative and agent under the terms of this Agreement for all of its present and future members. THE ASSOCIATED MASTER PAINTERS AND DECORATORS, INC. OF PHILADELPHIA AND VICINITY, INTERIOR FINISH CONTRACTORS ASSOCIATION OF DELAWARE VALLEY,  ARCHITECTURAL GLASS AND METAL ASSOCIATION OF PHILADELPHIA AND VICINITY, P.D.C.A. OF NORTHEAST PA, P.D.C.A.- HARRISBURG, KEYSTONE CONTRACTORS ASSOCIATION, AND ALL INDEPENDENT EMPLOYERS and any other Association this Union may recognize, do recognize the COUNCIL as the bargaining representative of the

3

Painters, Decorators, Wallcoverers, Drywall Finishers, Glaziers, and Apprentice EMPLOYEES of the EMPLOYERS.

**1.2**     **NLRB Status:**
Inasmuch as the Union has demanded recognition from the EMPLOYER as the exclusive bargaining representative of the EMPLOYEES in the bargaining unit described herein under Section 9(a) of the National Labor Relation Act, and has submitted proof thereof in the form of signed and dated authorization cards, and the EMPLOYER is satisfied that the Union represents a majority of its EMPLOYEES in the bargaining units described herein, the EMPLOYER hereby recognizes the Union as the exclusive collective bargaining representative of its EMPLOYEES on all present and future job sites within the jurisdiction of the Union, unless and until such time as the Union loses its status as the EMPLOYEES' exclusive representative as a result of an NLRB election requested by the EMPLOYEES. The EMPLOYER agrees that during the life of this Agreement it will not request a NLRB election and expressly waives any right it may have to do so.

## ARTICLE 2

### Union Security Clause

**2.1**     **Membership:**
It is agreed that after the EMPLOYEE, who by the nature of his work comes within the provisions of this Agreement and who shall have worked for any EMPLOYER for not less than seven (7) days, such EMPLOYEE shall be required to then become and remain a member of the Union in good standing, and the Union shall make membership therein continuously available to such EMPLOYEE on the same terms and conditions as are generally applicable to the other members of the Union.

**2.2**     **Discharge of EMPLOYEE:**
Any EMPLOYEE who fails or refuses to become a member of the Union after seven (7) days from the date of commencement of work with any EMPLOYER shall, upon written notice from the Union, be discharged by his current EMPLOYER.

4

## ARTICLE 3

### Check-Off Administrative Dues

**3.1**    **Agreement of Check-Off**
Every EMPLOYER, signatory to this Agreement, hereby agrees to check-off from wages of any EMPLOYEE by such EMPLOYER during the term of this Agreement, administrative dues in the then amount specified in this Agreement and/or Union's by-law and to remit said amount to the Administrator in the following manner.

**3.1.1**    Upon signing of this Agreement the Union will notify the EMPLOYER in writing of the amount of administrative dues specified and will submit to the EMPLOYER a copy of the By-Laws or the appropriate By-Laws.

**3.1.2**    For each payroll period, the EMPLOYER will deduct from the wages of each EMPLOYEE the amount specified, based on Gross Wages and Fringe Benefits paid during said payroll period, and will accumulate said deduction at the end of the month.

**3.1.3**    All payments and/or transmittals of funds required under this Article shall be paid to the Administrator not later than the thirtieth (30th) day following the end of the month in which the check-off occurred. All such payments shall be made in accordance with the payment and collection procedures hereinafter set forth in Article 13.

**3.2**    **Outside of #21's Area:**
The Employer party hereto shall, when engaged in work outside the geographic jurisdiction of the Union party to the agreement, comply with all of the lawful clauses of the Collective Bargaining Agreement in effect in said other geographic jurisdiction and executed by the employers of the industry and the IUPAT affiliated Unions in the jurisdiction, including but not limited to, the wages, hours, working conditions, fringe benefits, and procedure for settlement of grievance set forth therein; provided however, that where no affiliated Union has an agreement covering such out-of-area work, the Employer shall perform such work in accordance with this agreement; and provided further that employees from within the geographic jurisdiction of the Union party to this agreement who work in an

5

outside jurisdiction at the Employer's request (but not employees who travel to the jurisdiction to seek work or who respond to a job alert issued by the IUPAT) shall receive (a) contributions to their home benefit funds at the rate called for in their home agreement and (b) (i) wages equal to the higher economic package minus the amount of contributions paid under (a), or (ii) wages equal to their home wages and a contribution to a defined contribution retirement plan equal to [the higher economic package] minus [the amount of contributions paid under (a) plus the home wages].   This provision is enforceable by the District Council or Local Union in whose jurisdiction the work is being performed, either through the procedure for settlement of grievance set forth in its applicable collective bargaining agreement or through the courts and is also enforceable by the Union party to this agreement, either through the procedure for settlement of grievances set forth in this agreement or through the courts.  On a monthly basis, the Employer shall provide the affiliated Union is whose area the work is performed with documentation that it has made fringe benefit contributions to the home funds for all employees brought into the jurisdiction by the Employer.
**Drywall Finishers ONLY:** See Article 25.10.7

**3.3**    **EMPLOYER'S Obligation:**
The obligation of the EMPLOYER under 3.1 and 3.3 shall apply only as to EMPLOYEES who have voluntarily signed a valid dues deduction authorization card.

**3.4**    **Time of Employment**
At the time of employment of any EMPLOYEE, the EMPLOYER will submit to each such EMPLOYEE, for his voluntary signature, a dues deduction authorization card in duplicate; one copy of which is retained by the EMPLOYER and the other returned to the Union; the form to be supplied to such EMPLOYER by the Union.

**3.5**    **Submittal Form:**
On or before the thirtieth (30th) day of each month, the EMPLOYER will submit to the Union, a list of all EMPLOYEES covered by the Agreement who have not signed a dues deduction card, together with the number of hours worked by each such EMPLOYEE during the month previous.

6

P.D.C.A. OF NORTHEAST PA, AMERICAN SUBCONTRACTORS ASSOCIATION OF CENTRAL PENNSYLVANIA, P.D.C.A.- HARRISBURG and any or all Independent EMPLOYERS and Associations the Union may recognize, but who has agreed to accept and be bound by the arbitration procedures and machinery set forth above.

When a non-member signator of this Agreement is charged with violating any of the provisions or conditions of this Agreement or any other Agreement District Council No. 21 is a party to, indenture or condition related to the Collective Bargaining Agreement between the parties hereto, they shall be given the right to designate another non-member signator to the Agreement, in good standing, to sit in the place and stead of one Chapter designated member of the Board, for the purpose of hearing and determining the particular charge or charges; in such an event the Chapter shall temporarily remove one of its appointed members of the Board to give effect to the aforementioned objective. The non-member signator designee shall be vested with the same powers and authority as held by the other member of the Board.

## ARTICLE 12

### **Security of Funds**

12.1    Upon signing an EMPLOYER to this Collective Bargaining Agreement, the EMPLOYER must submit to the Union a complete list of all EMPLOYEES and jobs; also, proof of having proper Worker's Compensation and Unemployment Insurance.

12.2    ALL Painting, and Wallcovering EMPLOYERS are required to post a security bond; the original shall be filed with the District Council # 21 office. The amount of the bond for EMPLOYERS averaging 1 to 15 EMPLOYEES shall be $30,000.00, 16 to 35 EMPLOYEES shall be $50,000.00 and over 35 EMPLOYEES $75,000.00.

**ALL Glazing & Drywall Finishing EMPLOYERS ONLY Bonding of Fringe Benefits and Employee Deductions Only**
Bonding limits based on average manpower over last 12 months.
If 12 months not available Prior 6 months.
If No prior history, Employer estimated average for year.

17

When current Employer bonds expire, new bonds will be
provided as follows:

**Monthly Payer**
**(January due by the end of February)**

Journeypersons & Apprentices
| | |
|---|---|
| 1-5 | $ 20,000 |
| 6-10 | $ 40,000 |
| 11-15 | $ 60,000 |
| 16-20 | $ 80,000 |
| 21-30 | $100,000 |
| 31-40 | $125,000 |
| Over 40 | $150,000 |

**Bi-Monthly Payer**
**(January 1 -15, due January 31st**
**January 16-31, due February 15th)**

Journeypersons & Apprentices
| | |
|---|---|
| 1-5 | $ 10,000 |
| 6-10 | $ 20,000 |
| 11-15 | $ 30,000 |
| 16-20 | $ 40,000 |
| 21-30 | $ 50,000 |
| 31-40 | $ 62,500 |
| Over 40 | $ 75,000 |

Bonds will be issued on a yearly basis and will only be modified on
renewal.

**Memorandum of Understanding:**
Council will work to modify Painter, Glazier and Drywall Employers
bonds to these levels, so all Employers in CBA maintain the same level of
Bonding.

Employers and Council will work to increase bonding rates in year 2 of
this Agreement as follows:

**Bonding of Fringe Benefits and Employee Deductions Only**
Bonding limits based on average manpower over last 12 months.
If 12 months not available Prior 6 months.
If No prior history, Employer estimated average for year.
When current Employer bonds expire, new bonds bill be provided as
follows:

18

Bonds will be issued on a yearly basis and will only be modified on renewal.

**Monthly Payer**
**(January due by the end of February)**

Journeypersons & Apprentices
| | |
|---|---|
| 1-5 | $ 40,000 |
| 6-10 | $ 80,000 |
| 11-15 | $120,000 |
| 16-20 | $160,000 |
| 21-30 | $200,000 |
| 31-40 | $250,000 |
| Over 40 | $300,000 |

**Bi-Monthly Payer**
**(January 1-15, due January 31st**
**January 16-31, due February 15th)**

Journeypersons & Apprentices
| | |
|---|---|
| 1-5 | $ 20,000 |
| 6-10 | $ 40,000 |
| 11-15 | $ 60,000 |
| 16-20 | $ 80,000 |
| 21-30 | $100,000 |
| 31-40 | $125,000 |
| over 40 | $150,000 |

Employers and Council shall both help fund an account within the H&W Fund through excess of bond cost and or H&W contributions.

Employers and Council shall work to develop plan to establish an Insurance policy / Bond Facility/ Bond Pool / Bonding stop-loss policy / etc. that may help Employers obtain the increased Bond levels with a goal that could limit or exclude the need for Employer Owner's personal guarantees on these Bonds.

It shall be understood that both Employers and Council shall work together to help reduce the risk to the Funds by increasing Bond levels.  In doing so, both Employers and Council shall not create an Undue Hardship/Burden on the other.

**12.3**   For All Painting EMPLOYERS, in lieu of a minimum bond or letter of credit, the EMPLOYER eligible for the minimum coverage must deposit the sum of $ 1,000.00 Per Man Per Week, by certified check to be held in escrow by the Fund Office, until such time the EMPLOYER shall produce a bond based on the above scale, or no longer employs District Council # 21 members.

For All Glazing & Drywall Finishing EMPLOYERS, in lieu of a minimum bond or letter of credit, the EMPLOYER eligible for the minimum coverage must deposit the sum of $ 1,500.00 Per Man Per Week, by certified check to be held in escrow by the Fund Office, until such time the EMPLOYER shall produce a bond based on the above scale, or no longer employs District Council # 21 members.

    Example:          5 Journeypersons & or apprentices
                                Payment due the following week.

    Calculation:      $15,000.00 total to cover 2 weeks

**12.3.1**   EMPLOYERS working under these circumstances may be required by the Union to pay fringe benefits and deductions on a weekly basis.

**12.4**   Vacation Fund escrow will also be retained (per Article 13.4.1)

**GLAZIERS & DRYWALL FINISHERS ONLY**

## ARTICLE 13

### Various Funds

**13.1**   **Health & Welfare Funds:** (1) The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments thereto, governing establishment and operation of the I.U.P.A.T. District Council No. 21 Welfare Fund. The Trust Agreement provides, *inter alia,* for the receipt of contributions by the Welfare Fund for the purpose of providing group health, medical surgical disability and other related welfare benefits to eligible workers and their families, in such form and amounts as the Trustees of the Welfare Fund may determine in conformity with the discretion

20

vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to contribute for each EMPLOYEE covered by this Agreement to the Welfare Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5.

**13.2    The I.U.P.A.T. Union and Industry Pension Fund and Annuity:**

**13.2.1**    The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments thereto, governing establishment and operation of the I.U.P.A.T. Union and Industry National Pension Fund ("Pension Fund"). The Trust Agreement provides *inter alia,* for the receipt of contributions by the I.U.P.A.T. Union and Industry National Pension Fund for the purpose of providing pension and other related benefits to eligible workers and their families, in such form and amounts as the Trustees of the I.U.P.A.T. Union and Industry National Pension Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to contribute for each EMPLOYEE covered by this Agreement to the Pension Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5.

**13.2.2**    Contributions shall be paid on behalf of any EMPLOYEE starting with the EMPLOYEE'S first day of employment in a job classification covered by this Agreement.

**13.2.3**    The payments to the Pension and Annuity Fund required above shall be made to the I.U.P.A.T. Union and Industry National Pension Fund which was established under an Agreement and Declaration of Trust dated April 1, 1967.

**13.2.4**    The EMPLOYER hereby irrevocably designates as its representatives on the Board of Trustees such Trustees as are now serving, or who will in the future serve as EMPLOYER Trustees, together with their successors. The EMPLOYER further agrees to be bound by all actions taken by the Trustees pursuant to the Agreement and Declaration of Trust.

**13.2.5**    All contributions shall be made at such time and in such manner as set forth in this Agreement. The Trustees shall have the authority to have an independent certified public accountant audit the payroll and wage records of the EMPLOYER for the

purpose of determining the accuracy of contributions to the Pension Fund.

**13.2.6**   If an EMPLOYER fails to make contributions to the Pension Fund within thirty (30) days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provisions hereof to the contrary notwithstanding, and the EMPLOYER shall be liable for all costs for collecting payments due, together with attorneys' fees and such liquidated damages as may be assessed by the Trustees. The EMPLOYER'S liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no strike" clause which may be provided or set forth elsewhere in this Agreement.

**13.2.7**   The Pension Plan adopted by the Trustees of the Pension Fund shall at all times conform with the requirements of the Internal Revenue Code so as to enable the EMPLOYER at all times to treat contributions to the Pension Fund as a deduction for income tax purposes.

**13.3**     **The I.U.P.A.T. District Council 21 Annuity Fund:**

**13.3.1**   The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments thereto, governing establishment and operation of the I.U.P.A.T. District Council 21 Annuity Fund. The Trust Agreement provides *inter alia,* for the receipt of contributions by the I.U.P.A.T. District Council 21 Annuity Fund for the purpose of providing pension and other related benefits to eligible workers and their families, in such form and amounts as the Trustees of the I.U.P.A.T. District Council 21 Annuity Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to contribute for each EMPLOYEE covered by this Agreement to the Annuity Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5.

**13.3.2**   Contributions shall be paid on behalf of any EMPLOYEE, starting with the EMPLOYEE'S first day of employment in a job classification covered by this Agreement.

22

13.3.3   The payments to the Annuity Funds required above shall be made to the I.U.P.A.T. District Council 21 Annuity Fund which was established under an Agreement and Declaration of Trust dated June 1, 1972.

13.3.4   The EMPLOYER hereby irrevocably designates as its representatives on the Board of Trustees such Trustees as are now serving, or who will in the future serve as EMPLOYER Trustees, together with their successors. The EMPLOYER further agrees to be bound by all actions taken by the Trustees pursuant to the Agreement and Declaration of Trust.

13.3.5   All contributions shall be made at such time and in such manner as set forth in this Agreement. The Trustees shall have the authority to have an independent certified public accountant audit the payroll and wage records of the EMPLOYER for the purpose of determining the accuracy of contributions to the Annuity Fund.

13.3.6   If an EMPLOYER fails to make contributions to the Annuity Fund within thirty (30) days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provisions hereof to the contrary notwithstanding, and the EMPLOYER shall be liable for all costs for collecting payments due, together with attorneys' fees and such liquidated damages as may be assessed by the Trustees. The EMPLOYER'S liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no strike" clause which may be provided or set forth elsewhere in this Agreement.

13.3.7   The Annuity Plan adopted by the Trustees of the Annuity Fund shall at all times conform with the requirements of the Internal Revenue Code so as to enable the EMPLOYER at all times to treat contributions to the Annuity Fund as a deduction for income tax purposes.

13.3.8   Funds are paid to the Painters District Council 21 of Northeastern Pennsylvania Annuity Fund for the members covered by Article 24 (L.U. 2018, L.U. 1269).

13.4   **Vacation Fund:** (1) The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration or Trust, and all amendments thereto, governing establishment and

23

operation of the I.U.P.A.T. District Council No. 21 Vacation Fund. The Agreement provides, *inter alia,* for the receipt of contributions by the Vacation Fund for the purpose of providing vacation benefits to eligible workers and their families, in such form and amounts as the Trustees of the Vacation Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYEE agrees to contribute for each EMPLOYEE covered by this Agreement to the Vacation Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5.

**13.4.1**   A certified check for no less than Five Hundred Dollars ($500.00) and no more than Two Thousand Five Hundred Dollars ($2,500.00) shall be deposited with the Administrator of the Vacation Fund by each EMPLOYER. The Board of Trustees of the Vacation Fund shall determine the amount due from each EMPLOYER, predicated on the basis of one-twelfth (1/12) of the yearly amount of funds submitted by the EMPLOYER to the Vacation Fund in the preceding year. In addition to any other remedies available to the Vacation Fund as set forth is this Article, an EMPLOYER who is delinquent in submitting contributions to the Vacation Fund shall have the delinquent monies withdrawn from its certified check and will be required to resubmit a new check in full covering this delinquency.

**13.5**    **Training and Education Fund:**
The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments thereto, governing establishment and operation of the I.U.P.A.T. District Council 21 Fund (hereinafter referred to as The FTI Fund). The Trust Agreement provides, *inter alia,* for the receipt of contributions by the FTI Fund for the purpose of establishing and administering a Training Program as the Trustees of the FTI Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to contribute for each EMPLOYEE covered by this Agreement to the FTI Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5.

**13.6**    **National Apprenticeship Fund:** The EMPLOYER agrees to contribute the sum of ten cents ($.10) per hour for each hour for which an EMPLOYEE receives pay to the National Apprenticeship Fund. Trustees of said Fund shall remit said sum

24

to the National Painting and Decorating and Drywall Apprenticeship and Manpower Training Fund at such regular periods of time, and in the manner and form as shall be determined by the Trustees of the National Apprenticeship Fund from time to time.

**13.7**     **The District Council 21 Scholarship Fund:**

**13.7.1**     The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments thereto, governing establishment and operation of the District Council 21 Scholarship Fund ("Scholarship Fund"). The Trust Agreement provides *inter alia*, for the receipt of remittance by the Scholarship Fund for the purpose of providing educational relief to eligible workers and their families, in such form and amounts as the Trustees of the Scholarship Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to remit for each EMPLOYEE covered by this Agreement to the Scholarship Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5.

**13.7.2**     Remittances shall be paid on behalf of any EMPLOYEE, starting with the EMPLOYEE'S first day of employment in a job classification covered by this Agreement.

**13.7.3**     The EMPLOYER further agrees to be bound by actions taken by the Scholarship Fund Trustees pursuant to the Agreement and Declaration of Trust.

**13.7.4**     All remittances shall be made at such time and in such manner as set forth in this Agreement. The Trustees shall have the authority to have an independent certified public accountant audit the payroll and wage records of the EMPLOYER for the purpose of determining the accuracy of deductions and remittances to the Scholarship Fund.

**13.7.5**     If an EMPLOYER fails to make remittance to the Scholarship Fund within thirty (30) days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provisions hereof to the contrary notwithstanding, and the EMPLOYER shall be liable for all costs for collecting payments due, together with attorneys' fees and such liquidated damages

as may be assessed by the Trustees.  The EMPLOYER'S liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no strike' clause which may be provided or set forth elsewhere in this Agreement.

**13.8**     **Board of Trustees:**
As to each Fund referenced in Sections 13.1 through 13.15 of this Article, the EMPLOYER hereby irrevocably designates as its representatives on the Boards of Trustees such Trustees as are now serving, or will in the future serve, as EMPLOYER Trustees, together with their successors appointed and/or elected in accordance with provisions set forth in the Agreement and Declaration of Trust for each Fund. The EMPLOYER further agrees to be bound by all actions taken by the Trustees of each respective Fund pursuant to each such Agreement and Declaration of Trust, and to be further bound by any and all rules and regulations duly adopted by each Board of Trustees. The Welfare Fund, Vacation Fund and FTI Fund shall each be administered, pursuant to an Agreement and Declaration of Trust, by a Board of Trustees composed of an equal number of representatives selected by the AMPD, IFCA, and AGMA, and or other Associations that the Council may acknowledge, by its Board of Directors, and by District Council No. 21 in accordance with its Bylaws. A copy of the Trust Agreements, together with Amendments thereto, shall be made available upon request by the parties and shall be considered a part of this Agreement as if set forth herein at length. The said Trust Agreements and any Amendments thereto, shall provide for annual audits of each respective Fund. The payments by the EMPLOYERS of contributions to each respective Fund shall be made monthly, on or before a date and in a manner and form that shall be prescribed by the Trustees. Each EMPLOYER shall be bound to provide such information to each Fund as its Board of Trustees may require in order to verify the amount(s) of contributions due and owing by such EMPLOYER.

**13.9**     **Auditing of Books:**
Each or any of the Funds referenced in this Article may engage a certified public accounting firm to periodically audit the books and records of any contributing EMPLOYER (or contractors working in this area) for the purpose, of verifying contributions due and owing to the respective Fund and/or liabilities for contributions due and owing to such Fund. The EMPLOYER shall make available to any Fund auditor all books and records

26

requested by the auditor and/or Board of Trustees, including, but not limited to; payroll, wage, general ledger, cash disbursement records, compensation insurance audits, and any other pertinent records deemed necessary for the purpose, of ascertaining and/or verifying payments and/or determining liabilities. Such records shall be made available to Fund auditors upon reasonable notice. In the event such audit shall disclose for any period a deficiency in the payment reported owed and/or paid to the Fund(s) of five percent (5%) or more of the amount that should have been paid for such period under this Agreement, the cost of the audit shall be borne by the EMPLOYER. A confirmation report from the Funds will be available annually upon request by any EMPLOYER pertaining to its payments into the Funds, Industry Advancement Program and Check-Off Administrative Dues.

13.10     The benefit programs adopted by each respective Board of Trustees shall be described in a Summary Plan Description (if one is required by law) and made available to all eligible participants of each Fund.

13.11     Each EMPLOYER agrees to furnish the Board of Trustees of each respective Fund with information necessary and appropriate to verify required contributions on reporting forms to be provided by each respective Fund. Such information shall be reported each month and shall include, but not be limited to, the names, classifications, Social Security numbers of the EMPLOYEES, and the number of hours worked by each EMPLOYEE during the period or periods for which the contributions are being made.

13.12     All EMPLOYERS from jurisdictions other than the jurisdiction of District Council No. 21 shall be subject to the above provisions contained in this Agreement and the gross payroll contributions when performing work within the geographical jurisdiction of District Council No. 21, including IAP contributions which shall be paid to the appropriate association representing that trade.

13.13     **Delinquencies/Collection Procedures/Rights and Remedies of the Union and Fringe Benefit Funds:** In addition to any rights, remedies or obligations set forth in this Agreement, each EMPLOYER shall have the obligations and the Union, and each Fringe Benefit Fund shall have the rights and remedies set forth below:

**13.13.1**   All reports to the Union with respect to check-off and administrative dues, as well as amount due and owing must be filed with and paid to the Administrator of the Union and/or each respective Fund by the earlier of the thirtieth (30th) day or last calendar day of each month following the month in which the contributions and/or check-off became due and owing.

Liquidated Damages of Seven Hundred Fifty Dollars ($750.00) for failure to file a timely remittance report and not make a timely payment shall automatically be levied upon the delinquent EMPLOYER; Liquidated Damages of Five Hundred Dollar ($500.00) shall be levied on the delinquent EMPLOYER in circumstances where a report is submitted in a timely manner, but the EMPLOYER has failed to pay the appropriate contribution to the Union and/or Fund and interest shall start to accrue on the delinquent amount from the due date at the rate then charged by the IRS for delinquent taxes under Section 662(a) of the I.R.C., plus one (1) percentage point in excess of such rate.   Upon written petition and showing of need by an EMPLOYER who has had a collective bargaining agreement with District Council # 21 for at least two (2) years, a twenty (20) day extension for payment will be granted by the Business Manager / Secretary Treasurer. All liquidated damages paid pursuant to this Section shall be distributed pro rata to the Union (dues); the Association (IAP contributions) and the respective Funds based upon the amount of the delinquent obligation owed to each entity. Nothing contained herein shall be construed as a limitation on the right of any Fringe Benefit Fund to impose liquidated damages and/or costs of collection proceedings on a "delinquent" EMPLOYER in accordance with provisions set forth in ERISA or applicable law.

**13.13.2**   In the event the wage payments, Fringe Benefit (Fund) contributions, Union Administrative Dues (Check-off) or any other payments required by any provision in this Collective Bargaining Agreement are not transmitted to the EMPLOYEES, the Union or the appropriate EMPLOYEE Benefit Fund, as the case may be, in a timely manner, in accordance with provisions set forth herein, or in the event the reporting forms relating to Union assessments and/or EMPLOYEE Benefit Fund contributions are not submitted in a timely manner as provided herein, the EMPLOYER shall be considered as "delinquent." In addition to the liquidated damages set forth in (13.13.1) above, the "delinquent" EMPLOYER shall be obligated to pay any assessments and/or interest on the debt that may be required

28

under rules, regulations or procedures governing delinquent contributions established by the Trustees of the Various Fringe Benefit Funds identified in this labor contract and not inconsistent with this Agreement or as may otherwise be imposed by law. Each EMPLOYER shall be bound and governed by any rules, regulations or procedures adopted by any of the Boards of Trustees or any of the Fringe Benefit Funds to which contributions are due and owing under this Agreement. The rules, regulations or procedures adopted by the Trustees of the Various Fringe Benefit Funds may require payment by a delinquent EMPLOYER of liquidated damages, assessments, interest on the debt (in an amount determined by the Trustees or by applicable law) and shall also assess against a delinquent EMPLOYER audit fees incurred during the collection, including, but not limited to counsel fees and costs. Such charges and expenses shall be paid to that entity to whom such contributions and payments are owed. The Co-Chairman of the Joint Trade Board may require any "delinquent" EMPLOYER or any EMPLOYER who has demonstrated a pattern of delinquency to submit its contributions on a weekly basis, notwithstanding any provisions set forth in this labor Agreement. In addition, the Board of Trustees of the Various Fringe Benefit Funds are empowered to adopt rules and regulations requiring any "delinquent" EMPLOYER or any EMPLOYER that has demonstrated a pattern of delinquency to furnish to the Board of Trustees a bond or other appropriate surety in an amount sufficient to protect the respective Fund(s) from any financial loss that may result from future delinquencies by any EMPLOYER that is, or has been, delinquent in its obligations to the Fund. The amount of any such bond or other surety shall be in the sole discretion of the Board of Trustees, and the Board in determining the amount of any such bond, may consider the costs related to the collection of future delinquencies, as well as contribution amounts.

13.13.3   In addition to all other remedies available to the parties and/or the various Fringe Benefit Funds with respect to "delinquent" EMPLOYERS, the Union may treat any failure by an EMPLOYER to satisfy a delinquency as a breach of this Agreement. In such event, the Union may, in addition to any other remedy that may be available to it, and without being limited by any "no strike" obligation that may appear in this Agreement or be implicit in its terms, remove its members from any job(s) of such delinquent EMPLOYER. A removal of manpower by the Union, pursuant to this provision, shall not be

29

construed as a "termination" of this Agreement with respect to any affected EMPLOYER.

**13.14**     **The International Union of Painters and Allied Trades Labor-Management Cooperation Initiative**

**13.14.1**   Commencing with the 1st day of May 1997, and for the duration and any renewal of this Agreement, the EMPLOYER agrees to make payments to The International Union of Painters and Allied Trades Labor Management Cooperation Initiative ("Fund") for each EMPLOYEE covered by this Agreement, as follows:

**13.14.2**   For each hour or portion thereof, for which an EMPLOYEE receives pay, the EMPLOYER shall make the then current contribution of $.05 to the Fund.

**13.14.3**   For the purpose of this Article, each hour worked for, including hours attributable to show up time, and other hours for which pay is received by the EMPLOYEE in accordance with the Agreement, shall be counted as hours for which contributions are payable.

**13.14.4**   Contributions shall be paid on behalf of any EMPLOYEE starting with the EMPLOYEE'S first day of employment in a job classification covered by this Agreement.

**13.14.5**   The EMPLOYER and Union signatory to this Agreement agrees to be bound by and to the Agreement and Declaration of Trust, as amended from time to time, establishing the Fund.

**13.15**     **District Council 21 Labor Management Fund**

**13.15.1**   Commencing with the 1st day of May 2018, and for the duration and any renewal of this Agreement, the EMPLOYER agrees to make payments to District Council 21 Labor Management Fund for each EMPLOYEE covered by this Agreement, as follows:

**13.15.2**   For each hour or portion thereof, for which an EMPLOYEE receives pay, the EMPLOYER shall make the then current contribution of $.07 for Painters & Drywall Finishers & $.09 for Glaziers to the Fund.

**13.15.3**   For the purpose of this Article, each hour worked for, including hours attributable to show up time, and other hours for which

30

pay is received by the EMPLOYEE in accordance with the Agreement, shall be counted as hours for which contributions are payable.

**13.15.4**   Contributions shall be paid on behalf of any EMPLOYEE starting with the EMPLOYEE'S first day of employment in a job classification covered by this Agreement.

**13.15.5**   The EMPLOYER and Union signatory to this Agreement agrees to be bound by and to the Agreement and Declaration of Trust, as amended from time to time, establishing the Fund.

**13.16**   The EMPLOYER hereby irrevocably designates as its representatives on the Board of Trustees such Trustees as are now serving, or who will in the future serve, as EMPLOYER Trustees, together with their successors.

**13.17**   All contributions shall be made at such time and in such manner, as the Trustees require, and the Trustees may at any time conduct an audit in accordance with the Agreement and Declaration of Trust.

**13.18**   If an EMPLOYER fails to make contributions to the Fund within twenty (20) days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provision hereof to the contrary notwithstanding, and the EMPLOYER shall be liable for all costs of collection of the payments due together with attorney fees and such liquidated damages as may be assessed by the Trustees. The EMPLOYER'S liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no-strike" clause which may be provided or set forth elsewhere in this Agreement.

31

## ARTICLE 14

### Pinpointing Funds

### Fund One

**Job Organization Program: Eligibility and Rules
Painters, Wallcoverers**

14.1    **Purpose:**
The EMPLOYER and District Council No. 21 agree to establish
the District Council No. 21 "JOB ORGANIZATION
PROGRAM" for the purpose of providing subsidies on specific
jobs in order to enable contractors who are signatory to this
Agreement to bid more competitively on certain projects in the
marketplace. To implement the Jobs Organization Program
("JOP"), the EMLOYER and District Council No. 21 further
agree as follows:

14.2    **Trust Fund:**
The EMPLOYER and District Council No. 21 shall establish a
Trust Fund to be known as the "International Union of Painters
and Allied Trades, District Council No. 21 Jobs Organization
Program Trust Fund."

14.3    **Purpose of Trust Fund:**
The purpose of the Jobs Organization Program Trust Fund shall
be to provide, in accordance with the Jobs Organization Program
Trust Agreement, financial subsidies for eligible contractors.
The Jobs Organization Program Trust Fund shall be the sole and
exclusive source of funding for all subsidies, expenses and other
charges and liabilities incurred by operation of the Jobs
Organization Program and shall not be liable for such charges in
excess of the assets in the Fund.

14.4    **Guidelines:**
The Jobs Organization Program Trust Agreement shall provide
that the following guidelines and rules must be satisfied:

14.4.1    There must be Non-Union competition bidding on the project.

32

**14.4.2**   The project is within District Council 21's territorial jurisdiction and scope of work covered in this Collective Bargaining Agreement.

**14.4.3**   The EMPLOYER making application must be signatory to District Council 21's Collective Bargaining Agreement and utilize members of said bargaining unit. EMPLOYERS signed to project Agreements are not eligible to apply for JOP subsidies.

**14.4.4**   The EMPLOYER making application must not be delinquent in any fringe benefit reporting and contribution obligations at the time of application and at the start of the approved project or shall have reached an appropriate Agreement, satisfactory to the Trustees, in resolution of any outstanding delinquencies.

**14.4.5**   Only the District Council shall have the authority to approve a subsidy with respect to a project.

**14.4.6**   Subsidized hours granted under the Jobs Organization Program will only apply to members of District Council No. 21 and then only to the EMPLOYEES that are based in that zone. These subsidies will not apply and/or be used for change order work but only to the original contract.

**14.4.7**   Only the hours worked on an approved JOP project will be subsidized and then only up to the amount approved by the District Council.

**14.4.8**   The EMPLOYER will report the start of a JOP project. There will be a job steward placed and appointed by the District Council at the start of any JOP project. When the project requires more than five (5) workers, 50% of the additional workers starting with the sixth, will be assigned by the District Council from the "out of work register", qualifications prevailing.

**14.4.9**   JOP subsidies shall not be unreasonably denied by the District Council. The District Council shall respond to any JOP application within five (5) working days. To obtain the pinpointing subsidy, the EMPLOYER must notify District Council 21 that the EMPLOYER has been awarded the relevant contract within thirty (30) days after the pinpointing subsidy application is approved by District Council 21. An EMPLOYER can request a thirty (30) day extension of time to provide notice of the contract award and said extension will be automatically

33

approved. For good cause shown, an EMPLOYER can request an additional extension of time to provide notice of the contract award. If the EMPLOYER fails to notify District Council 21 that the EMPLOYER has been awarded the relevant contract within the prescribed time, including any approved extensions of time, the relevant pinpointing subsidy will be automatically terminated.

14.4.10   If any EMPLOYER is found to have abused the JOP subsidies more than once in any given year, said EMPLOYER will not be eligible for JOP subsidies for a period of up to one year. A third finding of abuse will suspend said EMPLOYER'S use of JOP subsidies for the remaining term of the Agreement.

14.4.11   Nothing contained herein shall prevent the Trustees from adopting additional rules and regulations not inconsistent with or in conflict with the foregoing.

### Fund Two

### Pinpointing Fund Glaziers

14.5   **Purpose:**
The COUNCIL and A.G.M.A. agree to continue and maintain a jointly managed Pinpointing Fund.   Where pinpointing has been approved for a project, the EMPLOYER shall not be required to make contributions for Health & Welfare, Annuity, D.C. 21 Apprentice, National Apprentice, I.U.P.A.T. Pension and the HRA Fund for that project.   Apprentice hours shall be pinpointed for Health & Welfare, Annuity, D.C. 21 Apprentice, National Apprentice, and the HRA Fund.   The I.U.P.A.T. Pension shall not be pinpointed in the case of Apprentices.

14.6   **Amount:**
The EMPLOYER agrees to pay into the Pinpointing Funds in the following amount per hour paid; Effective May 1, 2018,  two dollars and sixty Cents ($2.60) per hour worked.

34

**ARTICLE 15**

**Industry Advancement Funds**
**Fund One (Glazier Zones 1thru 5, Painters Zones 2,3,4,**
**Drywall Finisher Zones 1 thru 5, Wallcoverers Zones 2,3,4)**

15.1    **Recognition:**
The Industry Advancement Funds (I.A.F.) shall be established for the sole purpose and intent of promoting, advancing and protecting the industry and shall be managed solely by the individual Associations.  No part of the Funds or property of the I.A.F. may be used to undermine the COUNCIL, its Collective Bargaining Agreements, and its right to represent EMPLOYEES, to encourage or support litigation against the COUNCIL or to support EMPLOYER negotiations with the COUNCIL for successor Collective Bargaining Agreements.

15.2    **Payments to I.F.C.A. I.A.F.**
**EMPLOYERS covered by the I.F.C.A. – District Council Collective Bargaining Agreement shall make contributions to the I.F.C.A. I.A.F. at the rate of $.20 per hours worked.**

15.3    **Payments to A.G.M.A. I.A.F.**
EMPLOYERS covered by the A.G.M.A. – District Council Collective Bargaining Agreement shall make contributions to the A.G.M.A. I.A.F. at the rate of $.30 per hours worked.

15.3.1    **A.G.M.A. Representation: (For Glaziers ONLY)**
EMPLOYEES covered herein shall not be permitted to work for an EMPLOYER unless such EMPLOYER shall first agree to be bound by the provisions of a Collective Bargaining Agreement with District Council 21.  EMPLOYERS that agree to be bound by A.G.M.A. – District Council 21 Collective Bargaining Agreement shall be deemed to have authorized A.G.M.A. to represent such EMPLOYER as its collective bargaining representative in contract negotiations and for all matters relating to such Agreement.

15.4    **Payments to P.D.C.A. - Harrisburg**

15.4.1    **Industrial Work**
Each Employer shall make a contribution to the Delaware Valley Industrial Painters Alliance, Inc. Industry Advancement Fund (Industry Advancement Fund) at a rate

35

of Two Cents ($.02) for each hour worked by each employee who is engaged in performing industrial painting or coating work of any kind including, without limitations, bridge, tank or structural steel painting or coating services. The Administrator of the Funds shall collect the Industry Advancement Fund monies and remit these contributions to the Delaware Valley Industrial Painters Alliance, Inc. (DVIPA) on a monthly basis together with a report detailing the amounts collected from each Employer.

This Industry Advancement Fund shall be established and administered by the DVIPA, which shall use monies from this Fund to pay for programs and expenses intended to support and advance the Industrial Painting and Coating Industry. The Industry Advancement Fund also shall be used to pay the operating costs of the DVIPA, including expenses associated with the promotion of stability of relations between labor and management, conducting of safety campaigns, public relations campaigns, and education programs, the DVIPA's costs of collective bargaining, the DVIPA's cost of the representation it receives in the adjustment of grievances and in arbitration, and such other programs and expenses as will be beneficial to the Industrial Painting and Coating industry.

**15.4.2    Commercial Work**
Each Employer shall make a contribution to the Painting And Decorating Contractors of America, of Harrisburg, Industry Advancement Fund (Industry Advancement Fund) at a rate of Two Cents ($.02) for each hour worked by each employee who is engaged in performing commercial painting or coating work of any kind including, without limitation, painting or coating of office buildings, warehouses, schools, hospitals, malls, apartment buildings, hotels, motels and restaurants. The Administrator of the Funds shall collect the Industry Advancement Fund monies and remit these contributions to the Painting and Decorating Contractors of America, of Harrisburg on a monthly basis together with a report detailing the amounts collected from each Employer.

This Industry Advancement Fund shall be established and administered by the P.D.C.A. – Harrisburg, which shall use monies from this Fund to pay for programs and expenses intended to support and advance the Commercial Painting and Coating Industry. This Industry Advancement Fund also shall

36

be used to pay the operating costs of the P.D.C.A. – Harrisburg, including expenses associated with the promotion of stability of relations between labor and management, conducting of safety campaigns, public relations campaigns and education programs, the P.D.C.A. – Harrisburg's costs of collective bargaining, the P.D.C.A. – Harrisburg's cost of the representation it receives in the adjustment of grievances and in arbitration, and such other programs and expenses as will be beneficial to the Commercial Painting and Coating Industry.

15.5   **Payments to P.D.C.A. – N.E. PA**
EMPLOYERS covered by the P.D.C.A. N.E. PA – District Council Collective Bargaining Agreement shall make contributions to the P.D.C.A. N.E. PA I.A.F. at the rate of $.25 per hours worked.

15.5.1   D.V.I.P.A. Industrial and Bridge Painting Fund
Each Employer shall make a contribution to the Delaware Valley Industrial Painters Alliance, Inc. (Industry Advancement Fund) at a rate of $.20 for each hour workers by each EMPLOYEE who is engaged in performing industrial painting or coating work of any kind including, without limitation, bridge, tank, or structural steel painting or coating services. The Administrator of the Funds shall collect the Industry Advancement Fund monies and remit these contributions to the Delaware Valley Industrial Painters Alliance, Inc. (DVIPA) on a monthly basis together with a report detailing the amounts collected from each Employer.

15.6   **Payments to Keystone Contractors Association**
EMPLOYERS covered by the Keystone Contractors Association – District Council Collective Bargaining Agreement shall make contributions to the Keystone Contractors Association I.A.F. at the rate of $.09 per hours worked.

## Fund Two (Painters Wallcoverers Zones 1 & 5)

15.7   The Employers shall establish and administer an Industry Advancement Program for the A.M.P.D. and all Independent Employers and Associations party to this Agreement.

15.8   The purpose of the Industry Advancement Program is to provide for activities which will promote and benefit the Painting, Decorating, Wallcovering and Drywall Finishing industries. Such activities may include but shall not necessarily be limited

37

to: accident prevention; education; research into new methods and materials; public relations; industry relations with third parties including engineers, architects, government officials, suppliers, manufacturers, and insurance and bonding representatives; labor relations including, but not necessarily limited to: Collective Bargaining negotiations, grievance proceedings, and arbitration: management participation in Pensions, Health and Welfare, and other similar Funds; market development; standardization of contracts and specifications.

15.9      The activities of the Industry Advancement Program shall be financed by a Fund consisting of monies contributed to the EMPLOYERS by each and every EMPLOYER who is party to this Agreement.

15.10     The EMPLOYER agrees to contribute to the EMPLOYEES fifteen cents ($0.15) for each and every hour worked by each and every one of its EMPLOYEES covered by this Agreement. Such contribution shall be made to the EMPLOYERS monthly on or before the 30th day of the following calendar month and shall be accompanied by a written report which shall be in a form approved by the EMPLOYERS.  See Article 13, Section 13.13.1, Funds Report.

15.11     If an EMPLOYER fails to make a contribution required by this Article, the Union shall have the right aside from any other legal remedies available to it, to direct the EMPLOYEES of such EMPLOYER covered by this Agreement to refrain from working for such EMPLOYER as long as such EMPLOYER is in default under this Article.

15.12     The I.A.P. Funds, at the regularly scheduled Joint Trade Board meeting, will present, for discussion, joint programs for the furthering the Trade industry(s) covered by this Agreement.

15.13     All painting contractors when performing industrial or bridge painting work, should operate under the terms of the D.V.I.P.A. Agreement and should make their Industry Fund contributions to the D.V.I.P.A.  I.A.F.

38

**ARTICLE 16**

**District Council 21 Apprenticeship
And Journeyperson Training**

**16.1    Standards:**
The Finishing Trades of the Mid-Atlantic Region (hereinafter
referred to as the FTI) is hereinafter recognized as the official
training provider for IUPAT District Council 21. All documents
regarding training issues are created and approved by the staff
and Trustees of the FTI. Nothing in these documents shall be
interpreted as being inconsistent with existing or subsequent
Collective Bargaining Agreements establishing higher standards.
In the event of a conflict, the higher standards, whether in the
Apprenticeship Documents or the Collective Bargaining
Agreement, shall prevail.

**16.2    EMPLOYERS participation:**
All EMPLOYERS must participate in the Apprenticeship
Program and will employ apprentices as directed by the Trustees
of the FTI. It is further agreed that all apprentices must attend
training classes as part of their Apprenticeship Training
Program. The schedule for these classes shall be determined by
the FTI.

**16.3    Training Fund:**
The FTI will consist of an equal number of members designated
by the Associations and by District Council 21, with the right of
each party to replace any of their designees. Refer to
"Recognition" clause – Article 1.

The FTI shall be authorized to determine expenditures necessary
for the proper functioning of the Training Program, such as a
Coordinator, instructors, materials, equipment and such other
items for personnel and training as deemed necessary.

Revenue for the Training Fund shall be provided by a
contribution of the then current amounts provided herein per
hour, per EMPLOYEE, paid by EMPLOYERS. This Payment
shall be made in accordance with Article 13, Section 13.13.1

The FTI Trustees are hereby authorized to adopt such rules and
procedures as it deems necessary and same shall bind all
signatories to this Agreement.

39

**16.4**   **Ratio of Employment:**
Consistent with proper supervision, training, safety, and continuity of employment throughout the Apprenticeship, the ratio of apprentices to journey workers shall be one apprentice to three journey workers (1 to 3) of fraction thereof, or at a higher ratio determined by District Council 21

**16.4.1**   ***Fraction thereof is defined as:**
"The EMPLOYER may place one Apprentice on the job-site for one, two or three journey workers'; two apprentices for four, five or six journey workers'; three apprentices for seven, eight and nine journey workers, and follow this procedure thereafter."

**16.5**   No EMPLOYER shall be permitted to employ an apprentice unless approval is given by the Training Fund upon application.

**16.6**   <u>**Apprentice Wage Rates:**</u>

In subsequent years of this contract, Apprentices will be given the appropriate percentage of the Journeypersons total increase based on the current term of the Apprentice.   Distribution of the increase is determined by the Union.

**Glaziers:** *All Zones (1-5)
Term 1 = 50%
Term 2 = 60%
Term 3 = 70%
Term 4 = 85%

Glazier Apprentices shall advance to each next term on the anniversary of their start date so long as the requirements stated in the FTI Standards have been met.

**Drywall Finishers:** *All Zones (1-5)
Term 1 = 53%
Term 2 =65%
Term 3 = 80%
Term 4 = 90%

**Painters, Wallcoverers:** *All Zones (1-5)
Term 1 = 53%
Term 2 = 65%
Term 3 = 80%
Term 4 = 90%

40

*All zones are defined in Article 5.

**16.7**     District Council 21 Apprenticeship Training and Journeyperson
Education for Glazing/A.G.M.A. Contributing EMPLOYERS:

In order to accomplish the goals, objectives and expectations of
the settlors of the Training Fund [the District Council and the
various Associations], the Trustees are directed to use part of the
trust assets to promote Apprenticeship and employment within
the glazing industry.  Efforts are needed to increase the number
of qualified individuals applying to be Apprentices and
Journeypersons in the glazing industry, and consequently , the
Trustees are directed to establish programs to promote and
communicate the advantages of being an Apprentice and
Journeypersons in the glazing industry, to display the skills
taught in the glazing industry, and to promote to the general
public both the training provided by the Training Fund, and the
benefits and rewards to the public of that training.

In order to effectuate this policy, the Trustees of the Training
Fund are directed to establish a suitable written expense policy
governing the expenditure of funds to promote these purposes.
The Trustees shall provide copies of such written expense
policies to the settlors, and all parties to this Collective
Bargaining Agreement.

It is also the understanding of the parties to this Agreement that
the funds contributed by signatory EMPLOYERS to the
Finishing Trades Institute and the Training Fund shall not be
used to train Apprentices or Journeypersons who will be
employed by EMPLOYERS in the Glazing Industry that are not
signatory to a Collective Bargaining Agreement providing for
contributions to the Finishing Trades Institute and/or the
Training Fund shall adopt and implement a Scholarship Loan
Agreement Program which will require Apprentices and
Journeypersons employed by signatory EMPLOYERS to repay
the cost of training, either by service following training within
the Union sector on the industry, or by actual repayment of the
cost of training if the individual goes to work for a non-
signatory EMPLOYER in the Glazing Industry.  The cost of
training shall include the reasonable value of all Finishing
Trades Institute and Training Fund materials, facilities and
personnel utilized in training.

41

## ARTICLE 17
## State Safety Code Compliance

**17.1**   All tools and equipment will meet and be used in conformity with all provisions of Federal Safety Codes.

**17.2**   EMPLOYEE willfully misusing said equipment, especially personal protective equipment designed for his or her safety, could be discharged by the EMPLOYER pending notification of his or her Union.

**17.3**   (For Glaziers Only) First Aid Kits shall be provided by the Employer in every Company vehicle, gang box and shop.

## ARTICLE 18
## Compensation Insurance Coverage

**18.1**   **Compensation Insurance Coverage:**
EMPLOYER shall be responsible for providing Workers' Compensation Insurance to his EMPLOYEES pursuant to the provisions of the Workers' Compensation Act of Pennsylvania and in any other state in which the EMPLOYEE may be working.

**18.2**   **Notification of Injury:**
All EMPLOYERS must, when a worker is injured as a result of an accident while working on a job, notify District Council No. 21 within 24 hours thereafter giving full report as to when, where and the extent of injuries sustained insofar as the facts will permit.

**18.3**   The Foreman or Steward shall notify the COUNCIL and their EMPLOYER of any accident on the job. If for any reason there is not a Foreman or Steward on that job the member who is present on that job must notify the COUNCIL and their EMPLOYER

**18.4**   **Work Injury: (Zones 1, 5 & 6 - Glaziers Only)**

Any EMPLOYEE seriously injured on the job must be accompanied by either an EMPLOYER, designated employee or member employee for medical treatment as expeditiously as possible.  The accompanying employee shall be paid for any time lost up to a regular day of pay.

42

A new Alternative Dispute Resolution Workers' Compensation Program (ADR Program) shall be established and language drafted that is mutually acceptable to both parties at a later date.

## ARTICLE 19

### Acts, Relations, Rulings, Legal Jurisdiction

19.1    **Saving Clause**
Any Provisions here in this Agreement contained that are contrary to or held to be in violation of any Federal, State or Municipal law now in force and effect, or that may be hereafter enacted and effective, shall have no force and effect for the duration of such violation, it being intended, however, the remaining lawful provisions hereof shall be unaffected.

## ARTICLE 20

### Promotion for Better Journeypersons and Industries

20.1    It is agreed that the advancement of a better qualified journeyperson is to be promoted at all times.

20.2    It is agreed that a standing Industry Committee made up of Labor and Management be appointed and meet at such times that are mutually agreed upon to discuss joint problems of the Industries of Painting, Wallcovering, Drywall Finishing, and Glazing and to make such recommendations to the EMPLOYER Associations and the District Council.

20.3    An organized glazing journeyperson shall be defined as any individual who has experience in the glazing industry, has passed the required proficiency evaluation exam, and has been given final approval by at least one (1) labor and one (1) management Craft Committee member.  An "organized" individual shall be required to complete an OSHA 30 course within ninety (90) days of his/her acceptance.  The Craft Committee may require additional training for any or all organized journeypersons that it deems necessary.

20.4    **Drywall Finishers ONLY:** A program shall be offered by the District Council (or Local Union) Apprenticeship Program for advanced or upgraded journeyperson training for all journeypersons working under this Agreement.  Journeypersons

shall be required to take such courses in accordance with the
following rules:

**20.5**   **Drywall Finishers ONLY:** An organized drywall finisher
journeyperson shall be defined as any individual who has
experience in the drywall finishing industry, has passed the
required proficiency evaluation exam, and has been given final
approval by at least one (1) labor and one (1) management Craft
Committee member.  An "organized" individual shall be
required to complete an OSHA 30 course within one hundred
and eighty (180) days of his/her acceptance.  The Craft
Committee may require additional training for any or all
organized journeypersons that it deems necessary.

## ARTICLE 21

### More Favorable Terms

**21.1**   **More Favorable Terms:**
The COUNCIL agrees that should it enter into any Agreement
with an individual EMPLOYER or group of EMPLOYERS to
provide wages or working conditions more favorable to the
EMPLOYER than are included in this Agreement, such more
favorable wages and working conditions shall automatically be
included in this Agreement.

## ARTICLE 22

### Drug & Alcohol Policy

**22.1**   The Union and the Employer agrees that a committee made up
of both Union and EMPLOYERS, will meet for the purpose of
establishing an industry wide Drug & Alcohol Policy with
mandatory testing.  If such a policy is established, the Union
will take all necessary steps to make its membership aware of
this policy in advance of its implementation.  There is no set
time limit for establishing this Policy.

**Painters & Wallcoverers ONLY: See Article 23.23.2.**

**Drywall Finishers ONLY: See Article 25.18.**

44

**SPECIFIC PROVISIONS & CONDITIONS FOR ALL
CRAFTS BY ZONES**

**Article 23 through 26 take precedence over and supersede any
conflicting provisions in Articles 1 through 22 when
EMPLOYERS are employing members of the foregoing trades
in the foregoing zones**

**Article 23- PAINTER, WALLCOVERERS, ZONES 1 & 5**

**23:      SPECIFIC PROVISIONS & CONDITIONS FOR
EMPLOYING PAINTERS & WALLCOVERERS IN ZONES
1 & 5 ONLY.  Paragraphs 23.1.11, 23.1.13.1 & 23.1.16.8 only
apply to those EMPLOYERS who regularly employ the
foregoing trades in the foregoing zones and belong to the
Association which negotiated with the Union over the
provisions in Article 23.**

23.1      Scope of Work:
          **Painters:**
          The work jurisdiction of the Painters and Decorators shall
          include but not necessarily be limited to the description provided
          in the I.U.P.A.T. General Constitution, but will also include all
          types of coatings in conjunction with painting, waterproofing,
          masonry restoration, metal polishing/refinishing, decorating,
          sealing, caulking, lead removal and/or abatement, encapsulating,
          lining, fire-proof, etc.; including any and all preparations, such
          as cleaning, patching, caulking, blasting, stripping, and/or all
          removal necessary to apply any and all coatings interior and/or
          exterior.

23.2      **Tools and Equipment:**
          All tools, material and equipment including the debris caused
          thereby, pertaining to the work and the preparation thereof
          which is covered under this Agreement, including but not
          limited to compressors, hoppers, power tools, and all mechanical
          and hand tools used for surface preparation and surface
          finishing, the loading and unloading thereof, shall be handled
          and/or performed by EMPLOYEES covered by this Agreement.

45

**23.3**   **Wallcoverer:**
The work jurisdiction of the Wallcoverer shall include but not
necessarily be limited to the description provided in the
I.U.P.A.T. General Constitution but will also include all papers,
vinyl's, flexible woods, fabrics. Borders, metals, installed on
walls, ceilings and columns installed, stretched and stapled on
adhesives of any kind.  Installation of fabric covered panels
made of plastic and wood pre-finished products of micore,
fiberglass, etc. acrovyn and various plastic wallcoverings
including wainscot caps, corner moldings and accessories.  Wall
carpets installed with adhesives, stretched, stapled or adhered by
any method.

<u>**Work schedule**</u>

**23.4**   <u>**Hiring of EMPLOYEES**</u>

**23.4.1**   **Referrals and Registration of EMPLOYEE:**
The Council shall register and refer all qualified applicants for
employment for the painting, decorating, and wallcovering
industries and all work covered under this Agreement. The
District Council will be the first source of referrals for qualified
applicants for employment and will furnish the EMPLOYER
with the required number of qualified EMPLOYEES needed that
are registered on the out-of-work list posted at the District
Council.

**23.4.2**   **Non-Discrimination:**
The selection of qualified applicants for referral to jobs shall be
on a non-discriminatory basis and shall not be based on, or in
any way affected by, Union membership, by laws, regulations,
constitutional provisions or any other aspect or requirements,
except as outlined in this Agreement.

**23.4.3**
The EMPLOYER and the Union agree that there shall be no
discrimination against EMPLOYEES or applicants in violation
of federal, state or municipal statutes.

**23.4.4**   **Special skills:**
When the EMPLOYER requests a qualified applicant with
special skills and abilities, the Union shall refer, to the best of
their ability, such EMPLOYEE who is qualified to perform the
work.

46

**23.4.5   Rehire of steady EMPLOYEE:**
The EMPLOYER shall have the right to hire back at any time, steady EMPLOYEE. These designated EMPLOYEES will be registered with the Union once a year at the beginning of the year. Recall to work of these EMPLOYEES will not count as a turn in the 50/50 hiring system now in place, but all steady EMPLOYEES must register with the Union when they are laid off and rehired.

**23.4.6   Members Refusal to work:**
The Union will not be held responsible for any member's refusal to return to work for any previous EMPLOYER.

**23.4.7   Priorities in employment:**
The EMPLOYER agrees that priority in employment shall be given in the following manner.

**23.4.7.1**  EMPLOYEES previously employed by that EMPLOYER.

**23.4.7.2**  EMPLOYEES who have been employed within the industries by any EMPLOYERS having a collective Bargaining Agreement with the District Council 21 A.M.P.D, A.G.M.A, I.F.C.A, PDCA and any other/ EMPLOYER Association recognized by this Union.

**23.4.7.3**  EMPLOYEES otherwise employed in the industries and lastly to persons competent and qualified for employment.

**23.4.8   50/50**
It is understood and agreed that the hiring system will be a "shared hiring system" of 50/50 or 1 to 1. The first qualified member selected by the EMPLOYER will be referred by the District Council from the "out of work register." The next qualified member to be employed by said EMPLOYER will be selected by the District Council from the "out of work register" and will continue so on in an alternating manner for all hired EMPLOYEES, qualifications prevailing.

**23.4.9   Reject EMPLOYEE:**
The EMPLOYER shall have the right to reject an applicant for employment as long as it does not interfere with the member's rights and responsibility as a member of the I.U.P.A.T.

47

**23.4.10    Exhaustion of out of work list:**
If the registration list is exhausted and the District Council is unable to refer qualified applicants for employment to the EMPLOYER within 24 hours after receiving such request, (weekends and holidays exempt) the EMPLOYER shall be free to secure applicants from any sources available, without the referral procedure. The EMPLOYER must notify the District Council promptly of the names, addresses and Social Security numbers of any such hired EMPLOYEES.

**23.5    Reporting of jobs:**
The EMPLOYER must report to the District Council the start and/or re-start of any job before EMPLOYEES are sent to said job. The EMPLOYER must submit to the Council, a monthly report listing all new jobs, new EMPLOYEES and termination of EMPLOYEES.

**23.6    Work Day:**
The regular workday is to be any 8 hours between 6 A.M. to 6 P.M.  However, when a make-up day is desired, a 10-hour day may be worked when mutually agreed.  Present EMPLOYEES on the job will have first option to work.

**23.6.1    Make-Up Day Exterior:**
Due to inclement weather during the normal work week and through no fault of the Contractor, a makeup day (Saturday) may be used. The make-up day will be paid at straight time rate.

**23.6.2    Make-Up Day Interior:**
A make-up day may be used when due to no fault of the Contractor and mutually agreed upon between the EMPLOYER and District Council 21. Wages will be paid at straight time rate. Prior notice must be given to District Council 21.

**23.6.3    Work Week:**
The work week is forty (40) hours. The flexible work week will be Monday through Saturday.

**23.7    Overtime:**
Time worked in excess of eight hours per day (except when the ten-hour work day option is utilized) or more than 40 hours per week shall be paid at the overtime rate. This applies to Saturday and Sunday work, which shall be paid at the overtime rate except, when Saturday is being utilized as a make-up day.

**23.7.1   Overtime Rate:**
All overtime will be paid at time and a half.

**23.7.2   Holiday Rate:**
Any hours worked on holidays will be paid at double time.

**23.8   Four Tens:**
When the ten-hour day option is used, then all hours over ten hours in one day shall be paid at time and a half. Friday may be utilized as a make-up day; however, the employee may turn down working the make-up day.

**23.9   Saturday-Sunday Work:**
When Saturday and/or Sunday is required, the EMPLOYER shall notify the COUNCIL before 4:00 P.M. on the Friday preceding, with the understanding that the EMPLOYER be permitted to notify after that hour if an emergency came up after 4:00 p.m. If the EMPLOYER'S client fails to notify him to proceed with work on Saturday and/or Sunday in time for the EMPLOYER to so notify the COUNCIL, then the EMPLOYER shall fax the notice to the office of the COUNCIL, or work will not proceed.

**23.10   Payment of Fringes and Wages**
Wages shall be paid weekly.  No more than five (5) days shall be retained by the EMPLOYER at any time.  EMPLOYEES shall be paid on the job site.  Check to be mailed if EMPLOYEE is absent.  A new EMPLOYEE has the option to request and obtain an advance against retained earnings during the first week of employment.  Whether wages are paid cash or check, EMPLOYEES shall be furnished with forms, e.g., check stubs, on which shall be noted worked and deductions made for the period.

**23.11   Bad Checks:**
When an EMPLOYEE is paid with a bad check, the EMPLOYER shall be made to pay cash thereafter for the duration of this Agreement.  The EMPLOYEE will be paid the hourly rates until the EMPLOYER rectifies this offense.

**23.12   Fringe Calculations:**
The EMPLOYER agrees to pay fringes for each hour paid up to eight (8) hours and after eight (8) hours, fringes on each hour worked.

**23.13**   **Notice of Layoff:**
Notice of layoff shall be given one (1) hour before quitting time. When EMPLOYEE is laid off or quits, his check may be mailed at the next regular pay period.

**23.13.1**   **Layoff for Alleged Cause:**
When an EMPLOYEE is laid off by the EMPLOYER for alleged cause and is replaced by another EMPLOYEE on the same job, EMPLOYEE shall immediately report the matter to the Council for investigation. The matter will be handled under Article 11.

**23.14**   **Holidays:**
The holidays to be observed are: New Year's Day, Memorial Day, Independence Day, Thanksgiving Day, and Christmas Day. No work may be performed on Labor Day. Time worked on these days will be worked at the overtime rate.

### Wage provision

**23.15**   **Foreman:**
When three (3) to eight (8) EMPLOYEES (Effective January 1, 2018) are employed on a job one EMPLOYEE will be designated foreman and shall receive $1.00 above the then current base rate. When nine (9) to nineteen (19) EMPLOYEES are employed on a job the foreman shall receive $2.00 above the then current base rate. When there is more than twenty (20) EMPLOYEES on a job a foreman shall then receive $3.00 above the then current base rate.

**23.15.1**   **EMPLOYEE Deductions:**
The EMPLOYER shall deduct the sum covering the Vacation Fund, $1.00 per hour, and $.20 per hour P.A.C. Fund and $.03 per hour for the DC # 21 Scholarship Fund (which are included in the Schedule A rates) from the net weekly pay (i.e. after taxes) and make a notation of such deduction on the EMPLOYEE'S pay envelope or check stubs. These deductions and payments are not applicable to overtime work.  These monies deducted shall be paid in accordance with Article 13 of this Agreement.

**23.15.2**   **Automatic Reduction:**
The rate of wages will be automatically reduced if it is mutually agreed that a portion of these increases be allocated to payments into the Various Funds. Payments for fringe benefits are provided under Article 13.

**23.15.3  Night work:**
Time worked on night work shall be paid at One Dollar ($1.00) per hour in addition to the basic rates.

**23.15.4  Show Up Time / Minimum Hours:**
When an EMPLOYEE reports to either the shop or a job site and is unable to work due to circumstances beyond the control of the EMPLOYER, then the EMPLOYEE shall be paid two (2) hours "show up time". Should that EMPLOYEE begin working, then EMPLOYEE shall be paid for the actual time worked.

**23.15.5  Pyramiding:**
There shall be no pyramiding of Premium Rates.

**23.15.6  Higher rates:**
It is agreed that when EMPLOYEES are working in a Zone where higher rates are paid; COUNCIL members are to be paid the higher rate.

**23.15.7  Room & Board:**
EMPLOYERS are to pay full board and fare to and from work out of town where such men do not return home daily. Men shall furnish itemized list of expenses to EMPLOYER. Pay for travel time not to exceed eight (8) hours of twenty-four (24) hour day.

<u>**Defined Rates:**</u>

**23.15.8**          **Industrial Rate**

**23.15.9**          **Bridge Rate**

**23.15.10**        **Commercial Premium Rate:**
**Steel, Spray, Epoxy, HiPAC-**
**Coatings, Catalyzed Epoxy,**
**Urethanes, Removers. Swing, Basket**
 **Sandblasting,**

**Zone 1      $ 1.25 per hour above base rate**
**(Commercial Work only)**

**23.16  Parking for Wallcoverers Only:** (Zone 1)
The EMPLOYER will pay for parking the first day on the job and the last day on the job with parking receipts to be submitted.

# Exhibit

# B

## IUPAT DISTRICT COUNCIL No. 21
## HEALTH AND WELFARE FUND

### DELINQUENCY POLICY

Pursuant to Articles IV and VII of the Agreement and Declaration of Trust establishing the IUPAT District Council No. 21 Welfare Fund ("Fund"), the Trustees do hereby amend the Procedure for the Collection of Contributions Owed to the I.U.P.A.T. District Council No. 21 Welfare Fund by deleting that policy in its entirety and establishing the following policy, rules and regulations with respect to the collection of contributions from contributing employers to the Fund:

1.     It is the policy of the Trustees of the Fund to collect delinquent contributions in a reasonable, diligent and systematic manner. For the purposes of this agreement, a "delinquency" shall mean any unpaid fringe benefit obligation due by an employer to the Fund.

2.     (a)     All contributions and reports, except where a collective bargaining agreement requires otherwise or as provided in paragraph 2(c) of this policy, are due no later than the thirtieth (30th) day of each month (except February, in which case they are due on the last day of the month) following the month in which the contributing employer's relevant employees performed any work.

(b)     If the due date is a Saturday, Sunday or a legal holiday, the contributions must be received by the next business day.

(c)     Where, pursuant to the collective bargaining agreement, an employer is required to remit on a weekly basis, then reports and contributions are due no later than the Friday following the week in which work was performed.

(d)    As set forth in paragraph 1, a contribution, required by a collective bargaining agreement, to the Fund will be considered delinquent if it is not received by the due date unless the Business Manager/Secretary Treasurer of the IUPAT District Council No. 21 ("hereinafter "Business Manager") grants a (20) twenty day extension of the due date pursuant to the terms, if any, provided in said collective bargaining agreement.

3.    Liquidated damages shall be assessed as follows:

(a) *Employers required to remit on a monthly basis*: If a contribution report is submitted by the applicable due date (in accordance with paragraph 2 of this policy), but the contribution owed is not received by the due date, liquidated damages of $500.00 shall be automatically added to the amount owed by the employer for that month's contribution.  If neither a contribution report nor the contributions owed are received by the due date, liquidated damages of $750.00 shall be automatically added to the amount owed by the employer for that month's contribution.

(b)    *Employers required to remit on a weekly basis*: If a contribution report is submitted by the applicable due date (in accordance with paragraph 2 of this policy), but the contribution owed is not received by the due date, liquidated damages of $115.38 shall be automatically added to the amount owed by the employer for that week's contribution.  If neither a contribution report nor the contributions owed are received by the applicable due date, liquidated damages of $173.08 shall be automatically added to the amount owed by the employer for that week's contribution.

4.    In addition to the foregoing liquidated damages, if a contribution is not received by the due date, interest shall start to accrue on the delinquent amounts from the due date at the

rate then charged by the Internal Revenue Service for delinquent taxes under section 6621(a) of the Internal Revenue Code plus one (1) percentage point in excess of such rate.

5.     If the contribution is delinquent, the Trustees, through the Administrative Office of the Fund, will send a notice, as soon as is administratively feasible, to the last known address of said delinquent employer advising said employer that its contributions to the Fund are delinquent, that it owes liquidated damages, as set forth in Paragraph 3 above, on the principal balance outstanding at the time of the notice together with any interest that has accrued on the delinquent payment to date. The notice also shall advise said employer that the Fund will notify the bonding company and make a claim on any bond that has been posted in accordance with the employer's collective bargaining agreement. A copy of this notice shall be forwarded to the union and Fund counsel. Any defect, delay or failure in said notice will not relieve or mitigate the delinquent employer's obligations to the Fund.

6.     The Trustees hereby delegate the initial efforts to collect delinquent contributions to the Union Trustee co-Chair and the Employer Trustee co-Chair (the "co-Chairs") jointly. The co-Chairs are delegated the authority to waive liquidated damages and to enter into a payment plan for delinquent contributions. Any payment plan requiring more than three (3) months to pay the amount owed to the Fund will require, in addition to the bond required by the applicable collective bargaining agreement, that the delinquent employer provide a guarantee of the payment of monies owed to the Fund plus the payment of three (3) months contributions averaged over the past twelve (12) months. This guarantee will be accomplished through a combination of bonding, personal guarantees of the principals of the employer, and/or other security acceptable to the Fund. If the delinquent employer does not have a bond, in the amount

required by the relevant collective bargaining agreement, posted with the Fund, regardless of the length of time in the payment plan, said guarantee will cover the amount owed to the Fund plus six (6) months of contributions averaged over the past twelve (12) months.

7.    Should the delinquent contributions, interest, and liquidated damages not be received within 15 (fifteen) days after the sending of notice referenced in Paragraph 5 above, the delinquency shall be referred to Fund counsel to initiate litigation at any time.  Unless such is waived by the Co-Chairs, the first step in such action will be for counsel to make a written demand to the last known address of said employer for payment and to provide notice of impending legal action. Any defect, delay or failure in said demand will not relieve or mitigate the delinquent employer's obligations to the Fund. In the event a complaint is filed, the delinquent employer shall pay, in addition to the delinquent amount due and interest thereon, liquidated damages, any audit fees and expenses, reasonable attorney fees, court costs and other expenses incurred.   If a bond has been posted, the fund will notify the bonding company and make a claim on the bond.  In the event that the delinquency is referred to counsel for litigation, liquidated damages in the amount of twenty percent (20%) of the principal amount due shall be added in addition to the liquidated damages set forth in paragraph 3 above.

8.    In the case of a delinquency arising as a result of an audit, the delinquent amount will accrue interest from the due date of the contribution.  The interest rate shall be the rate charged at the time of the audit by the Internal Revenue Service for delinquent taxes in accordance with Sec 6621(a) of the Internal Revenue Code applicable to the period of delinquency plus one percentage point in excess of such rate.

9.     Upon completion of an audit, the Trustees through the Administrative Office of the Fund will notify the delinquent employer in writing of the delinquent amount and the interest charges.  If such delinquent contributions and interest are not paid within fifteen (15) days after the date of the written notice, the matter shall be referred to counsel for collections.  If a lawsuit is initiated to collect the delinquent contributions, in addition to any amount owed the Fund, the Fund may impose liquidated damages of twenty percent (20%) of the delinquent amount owed as well as court costs and attorneys' fees.  In addition, where an audit discloses a delinquency of five percent (5%) or more of the amount otherwise due for the audited period, the employer will be responsible for the costs of the audit which amount shall be in addition to any other sums due under this policy.

10.     The Board of Trustees shall have the exclusive authority (with exceptions set forth in paragraph 6 and listed below) to compromise, settle or abandon a claim or delinquency if the cost and expenses which would be involved in the filing of a complaint and in proceeding with litigation would exceed the amount for the delinquency due, or if there are other good and sufficient reasons, such as the remote likelihood of collection established on a case by case basis, for compromising a claim.  Between regularly scheduled meetings of the Trustees, the co-Chairs of the Board of Trustees shall have, in consultation with the Administrative Office of the Fund and delinquency counsel for the Fund, the authority to approve and implement the recommendation of delinquency counsel to compromise settle or abandon a claim.

11.     The Trustees will request that each of the other Trust Funds which require employer contributions pursuant to a collective bargaining agreement with District Council 21 (hereinafter, "Other Trust Fund(s)") delegate delinquency collections to the Trustees of this

Health & Welfare Fund and, if such is delegated to said Trustees, said Trustees will act as fiduciaries to such Other Trust Fund(s) in delinquency matters. If such is delegated, this policy will apply to said Other Trust Fund(s) and the Trustees of the Health & Welfare Fund will meet to handle delinquency matters at the end of the Health and Welfare Fund Meeting, will prepare separate Minutes covering delinquency matters, and will provide a copy of said Minutes to the Other Trust Fund(s) which have delegated delinquency collections to the Trustees of this Health & Welfare Fund. The Trustees of the Health & Welfare Fund will have the right to decline and/or to terminate said delegation of authority. The Trustees of the Other Trust Funds will have the right, at any time, to withdraw and/or revoke, in whole or in part, said delegation of authority.

12.     (a)     A "Shortfall" exists when an employer is delinquent in the making of its payments, when an employer remits less than the full amount due as required under its collective bargaining agreement with the Union, or when litigation or other collection procedures result in the receipt of less than all monies due.

        (b)     Shortfalls shall first be first allocated to any fund or Union which receives post-tax contributions (including, but not limited to, Vacation Fund contributions, union dues, political action contributions) on a *pro rata* basis. Thereafter, all remaining monies shall be allocated *pro-rata* to each of the employee benefit plans for which contributions are required under the terms of an employer's collective bargaining agreement based on the contribution amounts set forth in the labor agreement and shall be applied each month to the contributions designated by the employer for that month. Subsequent receipts for said month will be credited in the same manner.

MANAGEMENT TRUSTEES          UNION TRUSTEES

Michael Thurman

Dated:   11-17-14

# Exhibit

# C

```
                    D.C. 21 BENEFITS OFFICE
                    2980 SOUTHAMPTON-BYBERRY
                    PHILADELPHIA  PA  19154
                       (215) 934-5130
```

                                        October 26, 2017

```
JOHN GEHARD, CEO
GERHARD CONTRACTING                     Employer #  22031
565 W WASHINGTON ST
WERNERSVILLE, PA 19565
```

 As per Article 13.13.1 of the Collective Bargaining
Agreement, your company is delinquent to the District
Council 21 Funds and has been assessed liquidated
damages(LD) and/or interest(IC) charges.

 A statement is listed below showing interest charged,
liquidated damages assessed and month(s) in question.

No waivers will be granted for these charges.

| PERIOD ENDING | DUE DATE | RECEIPT NUMBER | | CONTRIB. AMOUNT | LD & INT DUE |
|---|---|---|---|---|---|
| 10/31/2014 | 11/30/2014 | 307613 | IC | $3,304.01 | $22.05 |
| 10/31/2014 | 11/30/2014 | 307613 | LD | $0.00 | $750.00 |
| 11/30/2014 | 12/31/2014 | 307614 | IC | $1,263.06 | $4.19 |
| 11/30/2014 | 12/31/2014 | 307614 | LD | $0.00 | $750.00 |
| 12/31/2014 | 1/31/2015 | 307615 | IC | $4,120.00 | $13.73 |
| 12/31/2014 | 1/31/2015 | 307615 | LD | $0.00 | $750.00 |
| 1/31/2015 | 2/28/2015 | 311975 | IC | $14,996.80 | $49.98 |
| 1/31/2015 | 2/28/2015 | 311975 | LD | $0.00 | $750.00 |
| 2/28/2015 | 3/31/2015 | 316215 | IC | $7,939.28 | $26.48 |
| 2/28/2015 | 3/31/2015 | 316215 | LD | $7,939.28 | $750.00 |
| 3/31/2015 | 4/30/2015 | 316218 | IC | $6,014.61 | $40.16 |
| 3/31/2015 | 4/30/2015 | 316218 | LD | $0.00 | $750.00 |
| 4/30/2015 | 5/31/2015 | 321740 | IC | $9,773.74 | $32.57 |
| 4/30/2015 | 5/31/2015 | 321740 | LD | $0.00 | $750.00 |
| 5/31/2015 | 6/30/2015 | 330062 | IC | $9,406.68 | $94.40 |

```
                                        ----------
                             SUB TOTAL:  $5,533.56
```

```
                    D.C. 21 BENEFITS OFFICE
                    2980 SOUTHAMPTON-BYBERRY
                    PHILADELPHIA  PA  19154
                       (215) 934-5130

                                        October 26, 2017

    JOHN GEHARD, CEO
    GERHARD CONTRACTING                 Employer #  22031
    565 W WASHINGTON ST
    WERNERSVILLE, PA 19565



        (Continued)
```

| PERIOD ENDING | DUE DATE | RECEIPT NUMBER | CONTRIB. AMOUNT | LD & INT DUE |
|---|---|---|---|---|
| 5/31/2015 | 6/30/2015 | 330062 LD | $0.00 | $750.00 |
| 6/30/2015 | 7/31/2015 | 330064 IC | $10,157.70 | $67.86 |
| 6/30/2015 | 7/31/2015 | 330064 LD | $0.00 | $750.00 |
| 7/31/2015 | 8/31/2015 | 330065 IC | $16,200.84 | $54.01 |
| 7/31/2015 | 8/31/2015 | 330065 LD | $0.00 | $750.00 |
| 8/31/2015 | 9/30/2015 | 330066 IC | $11,776.14 | $39.24 |
| 8/31/2015 | 9/30/2015 | 0 LD | $0.00 | $750.00 |
| 8/31/2015 | 9/30/2015 | 349337 IC | $5,506.27 | $162.63 |
| 9/30/2015 | 10/31/2015 | 330067 IC | $10,921.09 | $36.41 |
| 9/30/2015 | 10/31/2015 | 330067 LD | $0.00 | $500.00 |
| 10/31/2015 | 11/30/2015 | 336596 LD | $0.00 | $750.00 |
| 12/31/2015 | 1/31/2016 | 344547 IC | $4,707.22 | $15.70 |
| 12/31/2015 | 1/31/2016 | 344547 LD | $4,707.22 | $750.00 |
| 1/31/2016 | 2/29/2016 | 344548 LD | $2,433.64 | $750.00 |
| 3/01/2016 | 4/30/2016 | 0 LD | $0.00 | $750.00 |
| 3/31/2016 | 4/30/2016 | 348759 IC | $2,507.69 | $20.93 |
| 4/30/2016 | 5/31/2016 | 348760 IC | $267.27 | $1.12 |
| 4/30/2016 | 5/31/2016 | 348760 LD | $267.27 | $750.00 |
| 5/31/2016 | 6/30/2016 | 355884 IC | $1,279.07 | $21.44 |
| 5/31/2016 | 6/30/2016 | 355884 LD | $1,279.07 | $750.00 |
| 5/31/2016 | 6/30/2016 | 355885 IC | $2,684.56 | $45.02 |
| 6/01/2016 | 7/31/2016 | 0 LD | $0.00 | $750.00 |
| 6/30/2016 | 7/31/2016 | 365536 IC | $2,020.96 | $25.38 |
| 6/30/2016 | 7/31/2016 | 365540 IC | $2,226.40 | $27.95 |

```
                                              ----------
                                SUB TOTAL:    $14,801.25
```

```
                    D.C. 21 BENEFITS OFFICE
                    2980 SOUTHAMPTON-BYBERRY
                    PHILADELPHIA  PA  19154
                        (215) 934-5130

                                        October 26, 2017

    JOHN GEHARD, CEO
    GERHARD CONTRACTING                 Employer #  22031
    565 W WASHINGTON ST
    WERNERSVILLE, PA 19565
```

(Continued)

| PERIOD ENDING | DUE DATE | RECEIPT NUMBER | CONTRIB. AMOUNT | LD & INT DUE |
|---|---|---|---|---|
| 7/31/2016 | 8/31/2016 | 365546 IC | $511.62 | $4.27 |
| 7/31/2016 | 8/31/2016 | 365546 LD | $511.62 | $750.00 |
| 8/31/2016 | 9/30/2016 | 365548 IC | $1,417.68 | $5.90 |
| 8/31/2016 | 9/30/2016 | 365548 LD | $1,417.68 | $750.00 |
| 8/31/2016 | 9/30/2016 | 365549 IC | $6,312.19 | $26.30 |
| 10/01/2016 | 11/30/2016 | 0 LD | $0.00 | $750.00 |
| 10/31/2016 | 11/30/2016 | 377147 IC | $1,065.79 | $26.92 |
| 11/01/2016 | 12/31/2016 | 0 LD | $0.00 | $750.00 |
| 11/30/2016 | 12/31/2016 | 377148 IC | $1,528.30 | $32.11 |
| 12/31/2016 | 1/31/2017 | 377150 IC | $4,604.65 | $38.45 |
| 12/31/2016 | 1/31/2017 | 377150 LD | $4,604.65 | $750.00 |
| 12/31/2016 | 1/31/2017 | 377149 IC | $3,448.72 | $81.09 |
| 1/31/2017 | 2/28/2017 | 377152 IC | $2,302.33 | $9.58 |
| 1/31/2017 | 2/28/2017 | 377152 LD | $2,302.33 | $750.00 |
| 1/31/2017 | 2/28/2017 | 377151 IC | $2,393.00 | $70.67 |
| 2/01/2017 | 3/31/2017 | 0 LD | $0.00 | $750.00 |
| 3/01/2017 | 4/30/2017 | 0 LD | $0.00 | $750.00 |
| 4/01/2017 | 5/31/2017 | 0 LD | $0.00 | $750.00 |

```
                                      TOTAL DUE:    $21,846.54
```

# Exhibit

# D

LAW OFFICES

# SPEAR WILDERMAN

A Professional Corporation

SUITE 1400, 230 SOUTH BROAD STREET, PHILADELPHIA, PA  19102

TEL: (215) 732-0101   FAX: (215) 732-7790

WARREN J. BORISH*
SAMUEL L. SPEAR
JAMES F. RUNCKEL
CHARLES T. JOYCE*
BENJAMIN EISNER◊
WENDY CHIERICI*
JAMES KATZ*
MARTIN W. MILZ*
LOIS GARBER SCHWARTZ*
WILLIAM B. SANDERSON, JR.*
NICHOLAS J. BOTTA*
SYRETTA J. MARTIN*
MELISSA A. LOVETT
F. TIGHE BURNS*
THEODORE P. DiMUZIO
CHRISTOPHER R. STOCKTON*
SARAH LEAH TARLOW†

PA BAR EXCEPT:
* PA & NJ BAR
◊ PA, NJ & DC BAR
† PA, NY & IL BAR

NJ OFFICE:
1040 N. KINGS HIGHWAY
SUITE 202
CHERRY HILL, NJ 08034
(856) 482-8799 FAX: (856) 482-0343

BRUCE E. ENDY
RETIRED, 2017

LEONARD SPEAR
1923 - 2003

LOUIS H. WILDERMAN
1909 - 1993

March 6, 2018

*Via Certified RRR & First Class Mail*

Gerhard Contracting
Attn: John Gerhard
565 W. Washington Street
Wernersville, PA  19565

**RE:** **IUPAT District Counsel No. 21 of Philadelphia Employee Benefit Funds ("Funds") - Delinquent Contributions – First Notice**

Dear Sir:

Please be advised that this office is co-counsel for the above-referenced Funds.

We have been advised that Gerhard Contracting (hereinafter, the "Company") has failed to timely submit remittance reports and/or full contributions for work performed for the periods of October 2014 through April 2017. As a result, the Funds believe the delinquent amount owed to be for the amount of **$24,093.23,** consisting of unpaid fringe benefit contributions in the amount of $3,179.96, interest in the amount of $913.27 through the present, and liquidated damages in the amount of $20,000.00. [1]

Additionally, on or about December 14, 2017, an independent auditor, Novak Francella LLC (hereinafter, "Novak"), notified you of its request to audit the Company's contribution records on behalf of the Funds, and the IUPAT Industry Pension Funds, for the period of January 1, 2014 to the present. Novak has since made numerous attempts to schedule an audit with the Company, to no avail. Please be advised that compliance with the any and all audit requests is an obligation that employers agree to upon entering into a collective bargaining agreement with IUPAT DC21. A copy of Novak correspondence dated December 14, 2017 is provided with this letter as a reminder of the information the Company is required to provide to the auditor. All information should be sent to auditors, Jackie Coyle or Marta Cooper, at One Presidential Boulevard, Suite 330, Bala Cynwyd, PA 19004.

---

[1] This amount may include current contributions, interest, and/or liquidated damages amounts owed by your Company to IUPAT Industry Pension Funds for the abovementioned periods. Please contact IUPAT Industry Pension Funds with any specific questions you may have that relate to the satisfaction of this delinquency.

Gerhard Contracting

Page 2

The Company's failure to remit the reports and/or contributions when due, and to provide Novak with the requested information needed to perform an audit, constitutes a violation of both the collective bargaining agreement and federal law. The Employee Retirement Income Security Act of 1974 (ERISA) provides for civil remedies and damages in such a situation. Furthermore, the right of benefit funds to conduct such audits has routinely been upheld by the courts, e.g. *Central States Pension Fund v. Central Transport*, 472 U.S. 559 (1985).

The Trustees of the Funds have a fiduciary obligation to pursue the recovery of all delinquent amounts owed. Accordingly, please be advised that legal action could be taken unless this matter is resolved within **ten (10) business days** from the date of this demand letter. *Should the Company fail to comply with the audit request **and** cure its delinquencies with the Funds, a complaint shall be filed against the Company. The Company shall then be responsible to the Funds for additional liquidated damages, plus attorney's fees and costs, associated with the filing.* We urge the Company to take immediate action to comply with the audit request **and** rectify its delinquency arrearages by making payment to the Funds for the total amount owed of **$24,093.23**.

If you have any questions, please contact me at (215) 732-0101. Thank you.

Sincerely,

Syretta J. Martin, Esquire

Enclosure
cc:    Brian Smith, Delinquency Controller (via e-mail)



December 14, 2017

Controller
Gerhard Contracting
565 W. Washington Street
Wernersville, PA 19565

RE: **District Council No. 21 of Philadelphia Employee Benefit Funds and
     I.U.P.A.T. Industry Pension Funds**

Dear Sir/Madam:

Novak Francella LLC are the auditors for the Painters District Council No. 21 of Philadelphia
Employee Benefit Funds.  As part of our normal review of contributions from participating
employers, we compare the contribution reports submitted by your company to your payroll and
other related records.

In this regard, we would appreciate an appointment to meet with you at your office to review the
following information:

1. Federal form 1120/ 1120S or Form 1065 and supporting schedules.
2. List of Owners/Officers with supporting documentation including Articles of Incorporation.
3. Federal 941 and State Quarterly Tax Returns.
4. Annual W-2s and W-3.
5. Annual 1099s and the 1096.
6. Employees' individual earnings records detailing hours paid; if not available in that form, some
   record detailing hours paid per employee should be made available including Job/project Files.
7. Copies of monthly contribution reports to all fringe benefit funds to which you contribute.
8. Financial Statement, General Ledger or excerpts as determined by the Auditor.
9. Cash disbursement journals and/or Check Register/Check Book including supporting documents.
10. Bank statements with check images.

Our review will be for the period January 1, 2014 through present date.  We will, therefore,
require the above information for that time period.  We will contact you shortly to arrange an
appointment.

Should you have any questions concerning the above request, please feel free to contact me at the
Philadelphia office.

Sincerely,

Marta Cooper

NEW YORK | 450 Seventh Avenue, 28th Floor | New York, NY 10123 | 212.279.4262
PHILADELPHIA | One Presidential Blvd, Ste 330 | Bala Cynwyd, PA 19004 | 610.668.9400
WASHINGTON, DC | 7226 Lee DeForest Dr, Ste 201 | Columbia, MD 21046 | 443.832.4009
CONNECTICUT | 255 Route 80, P.O. Box 698 | Killingworth, Connecticut 06419 | 860.663.1190
BOSTON | Independence Wharf, 470 Atlantic Avenue, 4th Floor | Boston, MA 02210 | 617.500.6578

LAW OFFICES

# SPEAR WILDERMAN

A Professional Corporation

SUITE 1400, 230 SOUTH BROAD STREET, PHILADELPHIA, PA  19102

TEL: (215) 732-0101   FAX: (215) 732-7790

WARREN J. BORISH*
SAMUEL L. SPEAR
JAMES F. RUNCKEL
CHARLES T. JOYCE*
BENJAMIN EISNER◊
WENDY CHIERICI*
JAMES KATZ*
MARTIN W. MILZ*
LOIS GARBER SCHWARTZ*
WILLIAM B. SANDERSON, JR *
NICHOLAS J. BOTTA*
SYRETTA J. MARTIN*
MELISSA A. LOVETT
F. TIGHE BURNS*
THEODORE P. DiMUZIO
CHRISTOPHER R. STOCKTON*
SARAH LEAH TARLOW†

PA BAR EXCEPT:
* PA & NJ BAR
◊ PA, NJ & DC BAR
† PA, NY & IL BAR

NJ OFFICE:
1040 N. KINGS HIGHWAY
SUITE 202
CHERRY HILL, NJ 08034
(856) 482-8799 FAX: (856) 482-0343

BRUCE E. ENDY
RETIRED, 2017

LEONARD SPEAR
1923 - 2003

LOUIS H. WILDERMAN
1909 - 1993

April 11, 2018

*Via Certified RRR & First Class Mail*

Gerhard Contracting
Attn: John Gerhard
565 W. Washington Street
Wernersville, PA  19565

> RE:   IUPAT District Counsel No. 21 of Philadelphia Employee Benefit Funds ("Funds") - Delinquent Contributions – Final Notice

Dear Sir:

Please be advised that this office is co-counsel for the above-referenced Funds.

We have been advised that Gerhard Contracting (hereinafter, the "Company") has failed to timely submit remittance reports and/or full contributions for work performed for the periods of October 2014 through April 2017. As a result, the Funds believe the delinquent amount owed to be for the amount of **$20,250.00,** consisting of liquidated damages which have accrued due to late filing of remittance reports and/or payment of contributions for work performed during the abovementioned periods. [1]

The Company's failure to remit the reports and/or contributions when due constitutes a violation of both the collective bargaining agreement and federal law.  The Employee Retirement Income Security Act of 1974 (ERISA) provides for civil remedies and damages in such a situation.

The Trustees of the Funds have a fiduciary obligation to pursue the recovery of all delinquent amounts owed.  Accordingly, please be advised that legal action could be taken unless this matter is resolved within **ten (10) business days** from the date of this demand letter. *Should the Company fail to cure its delinquencies with the Funds, a complaint shall be filed against the Company.  The Company shall then be responsible to the Funds for attorney's fees and costs*

---

[1] This amount may include current contributions, interest, and/or liquidated damages amounts owed by your Company to IUPAT Industry Pension Funds for the abovementioned periods.  Please contact IUPAT Industry Pension Funds with any specific questions you may have that relate to the satisfaction of this delinquency.

Gerhard Contracting

Page 2

*associated with the filing.*  We urge the Company to take immediate action to rectify its delinquency arrearages by making payment to the Funds for the total amount owed of **$20,250.00**.

If you have any questions, please contact me at (215) 732-0101. Thank you.

Sincerely,

**Syretta J. Martin, Esquire**

cc:    Brian Smith, Delinquency Controller (via e-mail)

# Exhibit

# E



Novak | Francella
LLC | CERTIFIED PUBLIC ACCOUNTANTS

**District Council 21 Employee Benefit Funds**

## PAYROLL COMPLIANCE REVIEW

### REPORT

EMPLOYER:    Gerhard Contracting

ADDRESS:    565 W. Washington Street, Wernersville, PA  19565

DATE PAYROLL REVIEW COMPLETED:    September 12, 2018

REVIEW PERIOD:    January 1, 2014 through December 31, 2017

EMPLOYER REPRESENTATIVE, IF ANY, PRESENT AT THE TIME OF
THE PAYROLL REVIEW:    Mr. John Gerhard

LOCATION OF EXAMINATION:    Novak Francella, LLC.

DOES THE EMPLOYER PAY CONTRIBUTIONS ON:

Non Bargaining Unit Employees:    No    If yes, is there a Participation agreement?

Owner/Operator:    No    If yes, is there an Owner/Operator agreement?

RESULTS OF PAYROLL COMPLIANCE REVIEW:

    A - Employer did not contribute for all hours worked by a covered employee
    B - Contributions not submitted on all wages.



# Novak | Francella
### LLC | CERTIFIED PUBLIC ACCOUNTANTS

District Council 21 Employee Benefit Funds

### PAYROLL COMPLIANCE REVIEW

### SUMMARY

EMPLOYER:       Gerhard Contracting

REVIEW PERIOD:  January 1, 2014 through December 31, 2017

| | **2014** | **2015** | **2016** | **2017** | **TOTAL** |
|---|---|---|---|---|---|
| Health & Welfare | $ 1,796.34 | $      - | $ 6,278.05 | $ 2,843.55 | $ 9,121.60 |
| Annuity Fund | 904.75 | - | 918.03 | 428.52 | 1,346.55 |
| Job Recovery | 164.50 | - | 542.25 | 242.55 | 784.80 |
| Apprentice DC21 | 166.15 | - | 614.67 | 279.62 | 894.29 |
| Industry Advancement | 32.90 | - | 120.50 | 53.90 | 174.40 |
| Vacation Fund | 329.00 | - | 1,205.00 | 539.00 | 1,744.00 |
| Scholarship Fund | 4.94 | - | 45.98 | 23.58 | 69.56 |
| HRA Fund | 49.35 | - | 180.75 | 80.85 | 261.60 |
| Drywall Finisher Target Fund | - | - | - | - | - |
| Organizing Fund | - | - | 30.14 | 13.49 | 43.63 |
| Benevolent Fund | 4.94 | - | 18.09 | 8.10 | 26.19 |
| PAC Fund | 41.13 | - | 180.75 | 80.85 | 261.60 |
| Dues / hour | 148.05 | - | 335.92 | 153.96 | 489.88 |
| Dues % of Wages | 167.99 | - | 457.01 | 801.18 | 1,258.19 |
| **TOTAL CONTRIB. DUE:** | **$ 3,810.04** | **$      -** | **$ 10,927.14** | **$ 5,549.15** | **$ 20,286.33** |
| Interest | 725.81 | - | 1,288.21 | 375.96 | 2,389.98 |
| *Liquidated Damages** | 762.01 | - | 2,185.43 | 1,109.83 | 4,057.27 |
| Cost of Audit | | | | | 2,020.41 |
| **TOTAL AMOUNT DUE:** | | | | | **$   28,753.99** |

*Please note Liquidated Damages may be due if payment of Principle, Interest and Cost of Audit (if applicable)
is not received within 15 days after notification from Fund Office.

NEW YORK | 450 Seventh Avenue, 28th Floor | New York, NY 10123 | 212.279.4262
PHILADELPHIA | One Presidential Blvd, Ste 330 | Bala Cynwyd, PA 19004 | 610.668.9400
WASHINGTON, DC | 7226 Lee DeForest Dr, Ste 201 | Columbia, MD 21046 | 443.832.4009
CONNECTICUT | 255 Route 80, P.O. Box 698 | Killingworth, Connecticut 06419 | 860.663.1190
BOSTON | Independence Wharf, 470 Atlantic Avenue, 4th Floor | Boston, MA 02210 | 617.500.6578



District Council 21 Employee Benefit Funds

EMPLOYER: Gerhard Contracting
ADDRESS: 565 W. Washington Street, Wernersville, PA 19565
CONTACT: John Gerhard
PH NUMBER: 610-772-0558

REVIEW PERIOD: January 1, 2014 through December 31, 2017
AUDITOR: Jackie Coyle & Michelle Keane

Reason For Deficiency (RED):
A - Employer did not contribute for all hours worked by a covered employee
B - Contributions not submitted on all wages.

Contributions Due for Journeymen Tapers

| Name | SS Number | | | |
|---|---|---|---|---|
| Evan, Richard | 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 | | | |

2014

| FUNDS | RATES | $/HR '14/'15 | RED A | HOURS/WAGES | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | TOTAL HOURS | | | | | | | | 106.50 | 32.00 | | | | 26.00 | 164.50 |
| | | | TOTAL WAGES | $ | | | | | | | 2,823.32 | 848.32 | | | | 1,127.92 | 4,799.56 |
| HEALTH & WELFARE | $ per hour | $10.67 / $10.92 | | | | | | | | | 1,062.98 | 349.44 | | | | 283.92 | 1,796.34 |
| ANNUITY FUND | $ per hour | $5.25 / $5.50 | | | | | | | | | 583.75 | 176.00 | | | | 143.00 | 904.75 |
| JOB RECOVERY | $ per hour | $0.80 / $1.00 | | | | | | | | | 106.50 | 32.00 | | | | 26.00 | 164.50 |
| APPRENTICE DC21 | $ per hour | $0.99 / $1.01 | | | | | | | | | 107.57 | 32.32 | | | | 26.26 | 166.15 |
| INDUSTRY ADVANCE | $ per hour | $0.20 / $0.20 | | | | | | | | | 21.30 | 6.40 | | | | 5.20 | 32.90 |
| INDUSTRY DC21 | $ per hour | $2.00 / $2.00 | | | | | | | | | 213.00 | 64.00 | | | | 52.00 | 329.00 |
| VACATION FUND | $ per hour | $0.03 / $0.03 | | | | | | | | | 3.20 | 0.96 | | | | 0.78 | 4.94 |
| SCHOLARSHIP FUND | $ per hour | $0.03 / $0.03 | | | | | | | | | 3.20 | 0.96 | | | | 0.78 | 4.94 |
| IRA FUND | $ per hour | $0.30 / $0.30 | | | | | | | | | 31.95 | 9.60 | | | | 7.80 | 49.35 |
| DW FINISHER TARG | $ per hour | $0.00 / $0.00 | | | | | | | | | - | - | | | | - | - |
| ORGANIZING | $ per hour | $0.00 / $0.00 | | | | | | | | | - | - | | | | - | - |
| BENEVOLENT FUND | $ per hour | $0.03 / $0.03 | | | | | | | | | 3.20 | 0.96 | | | | 0.78 | 4.94 |
| PAC FUND | $ per hour | $0.25 / $0.25 | | | | | | | | | 26.63 | 8.00 | | | | 6.50 | 41.13 |
| ADMIN DUES / HOUR | $ per hour | $0.85 / $0.90 | | | | | | | | | 95.85 | 28.80 | | | | 23.40 | 148.05 |
| DUES CHECK OFF | % of wages | 3.50% / 3.50% | | | | | | | | | 98.82 | 29.69 | | | | 39.48 | 167.99 |
| TOTAL AMOUNT | | | | $ | | | | | | | 2,456.75 | 738.17 | | | | 615.12 | 3,810.04 |

**District Council 21 Employee Benefit Funds**

EMPLOYER: Gerhard Contracting
ADDRESS: 565 W. Washington Street, Wernersville, PA 19565
CONTACT: John Gerhard
PH. NUMBER: 610-775-0555

REVIEW PERIOD: January 1, 2014 through December 31, 2017
AUDITOR: Jackie Coyle & Michelle Kearse

Reason For Deficiency (RFD):
A - Employee did not contribute for all hours worked by a covered employee
B - Contributions not submitted on all wages

2016

| Name | SS Number | RFD A |
|---|---|---|
| Matz, Anthony | 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 | |

### Contributions Due for Apprentice — Amount Due

| FUNDS | RATES | $07/16 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | |
| TOTAL HOURS | | | - | - | - | 74.00 | 21.50 | 28.50 | 133.50 | 116.00 | 78.00 | 3.00 | 124.00 | 24.00 | |
| TOTAL WAGES | | | - | - | - | 1,236.86 | 440.12 | 564.49 | 2,975.21 | 2,534.60 | 1,704.30 | - | 2,776.83 | 825.26 | 13,057.67 |
| HEALTH & WELFARE | $ per hour | $10.42 $10.42 | - | - | - | 771.08 | 224.03 | 296.97 | 1,391.07 | 1,208.72 | 812.76 | 31.26 | 1,292.08 | 250.08 | 6,278.05 |
| ANNUITY FUND | $ per hour | $1.05 $1.59 | - | - | - | 77.70 | 34.19 | 45.32 | 212.27 | 184.44 | 124.02 | 4.77 | 197.16 | 38.16 | 918.03 |
| JOB RECOVERY | $ per hour | $0.90 $0.90 | - | - | - | 66.60 | 19.35 | 25.65 | 120.15 | 104.40 | 70.20 | 2.70 | 111.60 | 21.60 | 542.25 |
| APPRENTICE DC21 | $ per hour | $0.95 $1.03 | - | - | - | 70.30 | 22.15 | 29.36 | 137.51 | 119.48 | 80.34 | 3.09 | 127.72 | 24.72 | 614.67 |
| INDUSTRY ADVANCE | $ per hour | $0.20 $0.20 | - | - | - | 14.80 | 4.30 | 5.70 | 26.70 | 23.20 | 15.60 | 0.60 | 24.80 | 4.80 | 130.50 |
| INDUSTRY FUND | $ per hour | $2.00 $2.00 | - | - | - | 148.00 | 43.00 | 57.00 | 267.00 | 232.00 | 156.00 | 6.00 | 248.00 | 48.00 | 1,205.00 |
| VACATION FUND | $ per hour | $0.05 $0.08 | - | - | - | 3.70 | 1.72 | 2.28 | 10.68 | 9.28 | 6.24 | 0.24 | 9.92 | 1.92 | 45.98 |
| SCHOLARSHIP FUND | $ per hour | $0.30 $0.30 | - | - | - | 22.20 | 6.45 | 8.55 | 40.05 | 34.80 | 23.40 | 0.90 | 37.20 | 7.20 | 180.75 |
| HRA FUND | $ per hour | $0.30 $0.30 | - | - | - | 22.20 | 6.45 | 8.55 | 40.05 | 34.80 | 23.40 | 0.90 | 37.20 | 7.20 | 180.75 |
| DW FINISHER TARG | $ per hour | $0.00 $0.00 | - | - | - | - | - | - | - | - | - | - | - | - | - |
| ORGANIZING | $ per hour | $0.05 $0.05 | - | - | - | 3.70 | 1.08 | 1.43 | 6.68 | 5.80 | 3.90 | 0.15 | 6.20 | 1.20 | 30.14 |
| BENEVOLENT FUND | $ per hour | $0.03 $0.03 | - | - | - | 2.22 | 0.65 | 0.86 | 4.01 | 3.48 | 2.34 | 0.09 | 3.72 | 0.72 | 18.09 |
| PAC FUND | $ per hour | $0.30 $0.30 | - | - | - | 22.20 | 6.45 | 8.55 | 40.05 | 34.80 | 23.40 | 0.90 | 37.20 | 7.20 | 180.75 |
| ADMIN DUES/HOUR | $ per hour | $0.54 $0.56 | - | - | - | 39.96 | 12.04 | 15.96 | 74.76 | 64.96 | 43.68 | 1.68 | 69.44 | 13.44 | 333.92 |
| DUES CHECK OFF | % of wages | 3.50% 3.50% | - | - | - | 43.29 | 15.40 | 19.76 | 104.13 | 88.71 | 59.65 | - | 97.19 | 28.88 | 457.01 |
| TOTAL AMOUNT | | | - | - | - | 1,285.75 | 390.81 | 517.59 | 2,435.66 | 2,114.07 | 1,421.53 | 52.38 | 2,262.23 | 441.92 | 10,927.14 |

# District Council 21 Employee Benefit Funds

2017

| Name | SS Number | RFD |
|---|---|---|
| Wilhoite, John | 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 | B |

EMPLOYER: Gerhard Contracting
ADDRESS: 565 W. Washington Street, Wernersville, PA 19565
CONTACT: John Gerhard
PH NUMBER: 610-772-0558

REVIEW PERIOD: January 1, 2014 through December 31, 2017
AUDITOR: Jackie Coyle & Michelle Kearse

Reason For Deficiency (RFD):
A - Employer did not contribute for all hours worked by a covered employee
B - Contributions not submitted on all wages

Contributions Due for Journeymen Tapers

Amount Due

| FUNDS | RATES | $5/16 | $9/1 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | TOTAL HOURS | | | | | | | | | | | | | |
| | | | TOTAL WAGES | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 3,005.90 | $ - | $ - | $ - | $ - | $ 3,005.90 |
| HEALTH & WELFARE | $ per hour | $11.57 | $11.92 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| ANNUITY FUND | $ per hour | $5.64 | $5.64 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| JOB RECOVERY | $ per hour | $1.00 | $1.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| APPRENTICE DC21 | $ per hour | $1.11 | $1.13 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| INDUSTRY ADVANCE | $ per hour | $0.20 | $0.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| VACATION FUND | $ per hour | $2.00 | $2.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| SCHOLARSHIP FUND | $ per hour | $0.08 | $0.10 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| HRA FUND | $ per hour | $0.30 | $0.30 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| DW FINISHER TARG | $ per hour | $0.04 | $1.41 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| ORGANIZING | $ per hour | $0.05 | $0.05 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.03 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| PAC FUND | $ per hour | $0.30 | $0.30 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| ADMIN DUES / HOUR | $ per hour | $0.93 | $0.95 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 105.21 | $ - | $ - | $ - | $ - | $ 105.21 |
| TOTAL AMOUNT | | | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 105.21 | $ - | $ - | $ - | $ - | $ 105.21 |

# District Council 21 Employee Benefit Funds

**EMPLOYER:** Gerhard Contracting
**ADDRESS:** 565 W. Washington Street, Wernersville, PA 19565
**CONTACT:** John Gerhard
**PH NUMBER:** 610-772-0558

**REVIEW PERIOD:** January 1, 2014 through December 31, 2017
**AUDITOR:** Jackie Coyle & Michelle Keene

**Reason For Deficiency (RFD):**
A - Employer did not contribute for all hours worked by a covered employee
B - Contributions not submitted on all wages.

| Name | SS Number |
|---|---|
| Masz, Anthony | 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 |

2017

Contributions Due for Apprentice

Amount Due

| FUNDS | RATE | A (16) | B (17) | RFD | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL HOURS | | | | | 19.00 | 73.50 | 76.00 | - | 30.00 | - | - | 61.50 | 9.50 | - | - | - | 269.50 |
| TOTAL WAGES | | | | | $561.97 | $1,658.02 | $1,506.08 | - | $5,035.71 | - | - | $10,816.44 | $310.27 | - | - | - | $19,884.49 |
| HEALTH & WELFARE | $ per hour | $10.42 | $10.77 | A | 197.98 | 765.87 | 799.92 | - | 323.10 | - | - | 662.36 | 102.32 | - | - | - | 2,843.55 |
| ANNUITY FUND | $ per hour | $1.59 | $1.59 | | 30.21 | 116.87 | 120.84 | - | 47.70 | - | - | 97.79 | 15.11 | - | - | - | 428.52 |
| JOB RECOVERY | $ per hour | $0.90 | $0.90 | | 17.10 | 66.15 | 68.40 | - | 27.00 | - | - | 55.35 | 8.55 | - | - | - | 242.55 |
| APPRENTICE DC21 | $ per hour | $1.03 | $1.05 | | 19.57 | 75.71 | 78.28 | - | 31.50 | - | - | 64.58 | 9.98 | - | - | - | 279.62 |
| INDUSTRY ADVANCE | $ per hour | $0.20 | $0.20 | | 3.80 | 14.70 | 15.20 | - | 6.00 | - | - | 12.30 | 1.90 | - | - | - | 53.90 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | | 38.00 | 147.00 | 152.00 | - | 60.00 | - | - | 123.00 | 19.00 | - | - | - | 539.00 |
| SCHOLARSHIP FUND | $ per hour | $0.10 | $0.10 | | 1.52 | 5.88 | 6.08 | - | 3.00 | - | - | 6.15 | 0.95 | - | - | - | 25.53 |
| HRA FUND | $ per hour | $0.30 | $0.30 | | 5.70 | 22.05 | 22.80 | - | 9.00 | - | - | 18.45 | 2.85 | - | - | - | 80.85 |
| DW FINISHER TARG | $ per hour | $0.00 | $0.00 | | - | - | - | - | - | - | - | - | - | - | - | - | - |
| ORGANIZING | $ per hour | $0.05 | $0.05 | | 0.95 | 3.68 | 3.80 | - | 1.50 | - | - | 3.08 | 0.48 | - | - | - | 13.49 |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.03 | | 0.57 | 2.21 | 2.28 | - | 0.90 | - | - | 1.85 | 0.29 | - | - | - | 8.10 |
| PAC FUND | $ per hour | $0.30 | $0.30 | | 5.70 | 22.05 | 22.80 | - | 9.00 | - | - | 18.45 | 2.85 | - | - | - | 80.81 |
| ADMIN DUES / HOUR | $ per hour | $0.56 | $0.59 | | 10.64 | 41.16 | 42.56 | - | 17.70 | - | - | 36.29 | 5.61 | - | - | - | 157.96 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | | 19.67 | 57.93 | 52.68 | - | 176.25 | - | - | 378.58 | 10.86 | - | - | - | 695.97 |
| TOTAL AMOUNT | | | | | $351.41 | $1,341.26 | $1,379.64 | - | $712.65 | - | - | $1,478.23 | $180.75 | - | - | - | 5,443.94 |

# Exhibit

# F



Novak | Francella
LLC | CERTIFIED PUBLIC ACCOUNTANTS

October 31, 2018

Mr. John Gerhard
Gerhard Contracting
565 W. Washington Street
Wernersville, PA 19565

RE: **District Council No. 21 of Philadelphia Employee Benefit Funds and
I.U.P.A.T. Industry Pension Funds**

Dear Mr. Gerhard:

Enclosed, please find copies of our payroll compliance review report detailing, by month, the
discrepancies we noted during our recent review of your payroll.

We ask that you review this detail and advise us of any adjustments or challenges to our findings.
If we have not heard from you within ten business days from the date of this letter, we will
submit our report to the Fund Administrator.

If there are any questions concerning the payroll compliance review, please feel free to contact
our Philadelphia office.

We wish to take this opportunity to thank you for your cooperation during the review process.

Sincerely,

MARTA COOPER

ENCLOSURES

NEW YORK | 450 Seventh Avenue, 28th Floor | New York, NY 10123 | 212.279.4262
PHILADELPHIA | One Presidential Blvd, Ste 330 | Bala Cynwyd, PA 19004 | 610.668.9400
WASHINGTON, DC | 7226 Lee DeForest Dr, Ste 201 | Columbia, MD 21046 | 443.832.4009
CONNECTICUT | 255 Route 80, P.O. Box 698 | Killingworth, Connecticut 06419 | 860.663.1190
BOSTON | Independence Wharf, 470 Atlantic Avenue, 4th Floor | Boston, MA 02210 | 617.500.6578



Novak | Francella
LLC | CERTIFIED PUBLIC ACCOUNTANTS

**District Council 21 Employee Benefit Funds**

## PAYROLL COMPLIANCE REVIEW

## REPORT

EMPLOYER:      Gerhard Contracting

ADDRESS:      565 W. Washington Street, Wernersville, PA  19565

DATE PAYROLL REVIEW COMPLETED:      September 12, 2018

REVIEW PERIOD:   January 1, 2014 through December 31, 2017

EMPLOYER REPRESENTATIVE, IF ANY, PRESENT AT THE TIME OF
THE PAYROLL REVIEW:      Mr. John Gerhard

LOCATION OF EXAMINATION:    Novak Francella, LLC.

DOES THE EMPLOYER PAY CONTRIBUTIONS ON:

Non Bargaining Unit Employees:      No      If yes, is there a Participation agreement?

Owner/Operator:      No      If yes, is there an Owner/Operator agreement?

RESULTS OF PAYROLL COMPLIANCE REVIEW:

A - Employer did not contribute for all hours worked by a covered employee
B - Contributions not submitted on all wages.

NEW YORK | 450 Seventh Avenue, 28th Floor | New York, NY 10123 | 212.279.4262
PHILADELPHIA | One Presidential Blvd, Ste 330 | Bala Cynwyd, PA 19004 | 610.668.9400
WASHINGTON, DC | 7226 Lee DeForest Dr, Ste 201 | Columbia, MD 21046 | 443.832.4009
CONNECTICUT | 255 Route 80, P.O. Box 698 | Killingworth, Connecticut 06419 | 860.663.1190
BOSTON | Independence Wharf, 470 Atlantic Avenue, 4th Floor | Boston, MA 02210 | 617.500.6578



Novak | Francella
LLC | CERTIFIED PUBLIC ACCOUNTANTS

**District Council 21 Employee Benefit Funds**

### PAYROLL COMPLIANCE REVIEW

### SUMMARY

EMPLOYER:    Gerhard Contracting

REVIEW PERIOD:    January 1, 2014 through December 31, 2017

| | 2014 | 2015 | 2016 | 2017 | TOTAL |
|---|---|---|---|---|---|
| Health & Welfare | $ 1,796.34 | $ - | $ 6,278.05 | $ 2,843.55 | $ 9,121.60 |
| Annuity Fund | 904.75 | - | 918.03 | 428.52 | 1,346.55 |
| Job Recovery | 164.50 | - | 542.25 | 242.55 | 784.80 |
| Apprentice DC21 | 166.15 | - | 614.67 | 279.62 | 894.29 |
| Industry Advancement | 32.90 | - | 120.50 | 53.90 | 174.40 |
| Vacation Fund | 329.00 | - | 1,205.00 | 539.00 | 1,744.00 |
| Scholarship Fund | 4.94 | - | 45.98 | 23.58 | 69.56 |
| HRA Fund | 49.35 | - | 180.75 | 80.85 | 261.60 |
| Drywall Finisher Target Fund | - | - | - | - | - |
| Organizing Fund | - | - | 30.14 | 13.49 | 43.63 |
| Benevolent Fund | 4.94 | - | 18.09 | 8.10 | 26.19 |
| PAC Fund | 41.13 | - | 180.75 | 80.85 | 261.60 |
| Dues / hour | 148.05 | - | 335.92 | 153.96 | 489.88 |
| Dues % of Wages | 167.99 | - | 457.01 | 801.18 | 1,258.19 |
| **TOTAL CONTRIB. DUE:** | **$ 3,810.04** | **$ -** | **$ 10,927.14** | **$ 5,549.15** | **$ 20,286.33** |
| Interest | 725.81 | - | 1,288.21 | 375.96 | 2,389.98 |
| *Liquidated Damages** | 762.01 | - | 2,185.43 | 1,109.83 | 4,057.27 |
| Cost of Audit | | | | | 2,020.41 |

| | | | | | |
|---|---|---|---|---|---|
| **TOTAL AMOUNT DUE:** | | | | $ | 28,753.99 |

*Please note Liquidated Damages may be due if payment of Principle, Interest and Cost of Audit (if applicable)
is not received within 15 days after notification from Fund Office.

NEW YORK | 450 Seventh Avenue, 28th Floor | New York, NY 10123 | 212.279.4262
PHILADELPHIA | One Presidential Blvd, Ste 330 | Bala Cynwyd, PA 19004 | 610.668.9400
WASHINGTON, DC | 7226 Lee DeForest Dr, Ste 201 | Columbia, MD 21046 | 443.832.4009
CONNECTICUT | 255 Route 80, P.O. Box 698 | Killingworth, Connecticut 06419 | 860.663.1190
BOSTON | Independence Wharf, 470 Atlantic Avenue, 4th Floor | Boston, MA 02210 | 617.500.6578



**District Council 21 Employee Benefit Funds.**

EMPLOYER:  Gerhard Contracting
ADDRESS:   565 W Washington Street, Warnersville, PA, 19565
CONTACT:   John Gerhard
PH NUMBER: 610-772-0555

REVIEW PERIOD:  January 1, 2014 through December 31, 2017
AUDITOR:  Jackie Coyle & Michele Evans

Reason For Deficiency (RFD):
A - Employer did not contribute for all hours worked by a covered employee
B - Contributions not submitted on all wages

Contributions Due for Journeymen Tapers

**2014**

| Name | SS Number | RFD | | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|------|-----------|-----|--|--|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-------|
| Evans, Richard | 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 | A | HOURS | | - | - | - | - | - | - | 106.50 | 32.00 | - | - | - | 26.00 | 164.50 |
| | | | WAGES | $ | - | $ - | $ - | $ - | $ - | $ - | $ 2,823.32 | $ 848.32 | $ - | $ - | $ - | $ 1,127.92 | $ 4,799.56 |

| FUNDS | RATES | 5/1/13 | 5/1/14 | | TOTAL HOURS | | | | | | 106.50 | 32.00 | | | | 26.00 | 164.50 |
|-------|-------|--------|--------|--|-------------|--|--|--|--|--|--------|-------|--|--|--|-------|--------|
| | | A | | | TOTAL WAGES | $ | | | | | $ 2,823.32 | $ 848.32 | | | | $ 1,127.92 | $ 4,799.56 |

**Amount Due**

| FUNDS | RATES | 5/1/13 | 5/1/14 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|-------|-------|--------|--------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-------|
| HEALTH & WELFARE | $ per hour | $10.67 | $10.92 | $ - | $ - | $ - | $ - | $ - | $ - | $ 1,162.98 | $ 349.44 | $ - | $ - | $ - | $ 283.92 | $ 1,796.34 |
| ANNUITY FUND | $ per hour | $5.25 | $5.50 | $ - | $ - | $ - | $ - | $ - | $ - | $ 585.75 | $ 176.00 | $ - | $ - | $ - | $ 143.00 | $ 904.75 |
| JOB RECOVERY | $ per hour | $0.80 | $1.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ 106.50 | $ 32.00 | $ - | $ - | $ - | $ 26.00 | $ 164.50 |
| APPRENTICE DC21 | $ per hour | $0.99 | $1.01 | $ - | $ - | $ - | $ - | $ - | $ - | $ 107.57 | $ 32.32 | $ - | $ - | $ - | $ 26.26 | $ 166.15 |
| INDUSTRY ADVANCE | $ per hour | $0.20 | $0.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ 21.30 | $ 6.40 | $ - | $ - | $ - | $ 5.20 | $ 32.90 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ 213.00 | $ 64.00 | $ - | $ - | $ - | $ 52.00 | $ 329.00 |
| SCHOLARSHIP FUND | $ per hour | $0.03 | $0.03 | $ - | $ - | $ - | $ - | $ - | $ - | $ 3.20 | $ 0.96 | $ - | $ - | $ - | $ 0.78 | $ 4.94 |
| IRA FUND | $ per hour | $0.30 | $0.30 | $ - | $ - | $ - | $ - | $ - | $ - | $ 31.95 | $ 9.60 | $ - | $ - | $ - | $ 7.80 | $ 49.35 |
| DW FINISHER TARG | $ per hour | $0.00 | $0.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| ORGANIZING | $ per hour | $0.00 | $0.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| BENEVOLENT FUND | $ per hour | $0.00 | $0.03 | $ - | $ - | $ - | $ - | $ - | $ - | $ 3.20 | $ 0.96 | $ - | $ - | $ - | $ 0.78 | $ 4.94 |
| PAC FUND | $ per hour | $0.25 | $0.25 | $ - | $ - | $ - | $ - | $ - | $ - | $ 26.63 | $ 8.00 | $ - | $ - | $ - | $ 6.50 | $ 41.13 |
| ADMIN DUES/ HR/CR | $ per hour | $0.85 | $0.90 | $ - | $ - | $ - | $ - | $ - | $ - | $ 95.85 | $ 24.80 | $ - | $ - | $ - | $ 23.40 | $ 144.05 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | $ - | $ - | $ - | $ - | $ - | $ - | $ 98.82 | $ 29.69 | $ - | $ - | $ - | $ 39.48 | $ 167.99 |
| | | | TOTAL AMOUNT | $ - | $ - | $ - | $ - | $ - | $ - | $ 2,456.75 | $ 738.17 | $ - | $ - | $ - | $ 615.12 | $ 3,810.04 |

**District Council 21 Employee Benefit Funds**

EMPLOYER: Gerhard Contracting
ADDRESS: 565 W. Washington Street, Wernersville, PA. 19565
CONTACT: John Gerhard
PHONE NUMBER: 610-772-0555

REVIEW PERIOD: January 1, 2014 through December 31, 2017
AUDITOR: Jackie Coyle & Michelle Kearns

Reason For Deficiency (RFD):
A - Employer did not contribute for all hours worked by a covered employee
B - Contributions not submitted on all wages

2016

| Name | SS Number | RFD | | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Matz, Anthony | 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 | A | | | | | | | | | | | | |

Contributions Due for Apprentice

| | | RFD | A | HOURS | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | WAGES | | | | | | | | | | | | | |
| | | | | TOTAL HOURS | | | | 74.00 | 21.50 | 28.50 | 133.50 | 116.00 | 78.00 | 3.00 | | 24.00 | 602.50 |
| | | | | TOTAL WAGES $ | | | | 1,236.86 | 440.12 | 564.49 | 2,975.21 | 2,534.60 | 1,704.30 | - | | 825.26 | 13,057.67 |

Amount Due

| FUNDS: | RATES: | SF15 | SF16 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $10.42 | $10.42 | $ - | $ - | $ - | $ 771.08 | $ 224.03 | $ 296.97 | $ 1,390.07 | $ 1,208.72 | $ 812.76 | $ 31.26 | $ 1,292.08 | $ 250.08 | $ 6,578.05 |
| ANNUITY FUND | $ per hour | $1.05 | $1.05 | $ - | $ - | $ - | $ 77.70 | $ 34.19 | $ 45.32 | $ 212.27 | $ 184.44 | $ 124.02 | $ 4.77 | $ 197.16 | $ 38.16 | $ 919.03 |
| JOB RECOVERY | $ per hour | $0.90 | $0.90 | $ - | $ - | $ - | $ 66.60 | $ 19.35 | $ 25.65 | $ 120.15 | $ 104.40 | $ 70.20 | $ 2.70 | $ 111.60 | $ 21.60 | $ 542.25 |
| APPRENTICE DC21 | $ per hour | $1.03 | $1.03 | $ - | $ - | $ - | $ 70.30 | $ 22.15 | $ 29.36 | $ 137.51 | $ 119.48 | $ 80.34 | $ 3.09 | $ 127.72 | $ 24.72 | $ 614.67 |
| INDUSTRY ADVANCE | $ per hour | $0.20 | $0.20 | $ - | $ - | $ - | $ 14.80 | $ 4.30 | $ 5.70 | $ 26.70 | $ 23.20 | $ 15.60 | $ 0.60 | $ 24.80 | $ 4.80 | $ 120.50 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | $ - | $ - | $ - | $ 148.00 | $ 43.00 | $ 57.00 | $ 267.00 | $ 232.00 | $ 156.00 | $ 6.00 | $ 248.00 | $ 48.00 | $ 1,205.00 |
| SCHOLARSHIP FUND | $ per hour | $0.65 | $0.65 | $ - | $ - | $ - | $ 3.70 | $ 1.72 | $ 2.28 | $ 10.58 | $ 9.28 | $ 6.24 | $ 0.24 | $ 9.92 | $ 1.92 | $ 45.98 |
| HRA FUND | $ per hour | $0.30 | $0.30 | $ - | $ - | $ - | $ 22.20 | $ 6.45 | $ 8.55 | $ 40.05 | $ 34.80 | $ 23.40 | $ 0.90 | $ 37.20 | $ 7.20 | $ 180.75 |
| DW FINISHER TARG | $ per hour | $0.00 | $0.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| ORGANIZING | $ per hour | $0.05 | $0.05 | $ - | $ - | $ - | $ 3.70 | $ 1.08 | $ 1.43 | $ 6.68 | $ 5.80 | $ 3.90 | $ 0.15 | $ 6.20 | $ 1.20 | $ 30.14 |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.03 | $ - | $ - | $ - | $ 2.22 | $ 0.65 | $ 0.86 | $ 4.01 | $ 3.48 | $ 2.34 | $ 0.09 | $ 3.72 | $ 0.72 | $ 18.09 |
| PAC FUND | $ per hour | $0.30 | $0.30 | $ - | $ - | $ - | $ 22.20 | $ 6.45 | $ 8.55 | $ 40.05 | $ 34.80 | $ 23.40 | $ 0.90 | $ 37.20 | $ 7.20 | $ 180.75 |
| ADMIN DUES / HOUR | $ per hour | $0.54 | $0.56 | $ - | $ - | $ - | $ 39.96 | $ 12.04 | $ 15.96 | $ 74.76 | $ 64.96 | $ 45.68 | $ 1.68 | $ 69.44 | $ 13.44 | $ 333.92 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | $ - | $ - | $ - | $ 43.29 | $ 15.40 | $ 19.76 | $ 104.13 | $ 88.71 | $ 59.65 | $ - | $ 97.19 | $ 28.88 | $ 457.01 |
| | | | TOTAL AMOUNT | $ - | $ - | $ - | $ 1,285.75 | $ 390.81 | $ 517.39 | $ 2,435.06 | $ 2,114.07 | $ 1,421.53 | $ 53.38 | $ 2,262.23 | $ 447.92 | $ 10,927.14 |

**District Council 21 Employee Benefit Funds**

EMPLOYER: Gerhard Contracting,
ADDRESS: 565 W. Washington Street, Wernersville, PA 19565
CONTACT: John Gerhard
PH NUMBER: 610-772-0558

REVIEW PERIOD: January 1, 2014 through December 31, 2017
AUDITOR: Jackie Coyle & Michelle Kease

Reason For Deficiency (RFD):
A - Employer did not contribute for all hours worked by a covered employee
B - Contributions not summited on all wages

2017

| Name | SS Number | RFD |
|---|---|---|
| Whitecliss, John | 165-129237 | B |

**Contributions Due for Journeymen Tapers**

| FUNDS | RATES | HOURS | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | WAGES | | | | | | | | | | | | | |
| | | TOTAL HOURS | | | | | | | | 3,005.90 | | | | | $ 3,005.90 |
| | | TOTAL WAGES | $ ' | $ ' | $ ' | $ ' | $ ' | $ ' | $ ' | $ ' | $ ' | $ ' | $ ' | $ ' | $ 3,005.90 |
| HEALTH & WELFARE | $11.57 $11.92 | $ per hour | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | |
| ANNUITY FUND | $5.64 $5.64 | $ per hour | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | |
| JOB RECOVERY | $1.00 $1.00 | $ per hour | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | |
| APPRENTICE DC21 | $1.11 $1.13 | $ per hour | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | |
| INDUSTRY ADVANCE | $0.20 $0.20 | $ per hour | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | |
| VACATION FUND | $2.00 $2.00 | $ per hour | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | |
| SCHOLARSHIP FUND | $0.08 $0.10 | $ per hour | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | |
| HRA FUND | $0.30 $0.30 | $ per hour | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | |
| DW FINISHER TARG | $0.04 $1.41 | $ per hour | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | |
| ORGANIZING | $0.05 $0.05 | $ per hour | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | |
| BENEVOLENT FUND | $0.03 $0.03 | $ per hour | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | |
| PAC FUND | $0.30 $0.30 | $ per hour | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | |
| ADMIN DUES / HOUR | $0.93 $0.95 | $ per hour | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | |
| DUES CHECK OFF | 3.50% 3.50% | % of wages | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | |
| | | TOTAL AMOUNT | $ ' | $ ' | $ ' | $ ' | $ ' | $ ' | $ ' | $ 105.21 | $ ' | $ ' | $ ' | $ ' | $ 105.21 |

**Amount Due**

| AUG | TOTAL |
|---|---|
| $ 105.21 | $ 105.21 |

## District Council 21 Employee Benefit Funds

EMPLOYER: Gerhard Contracting
ADDRESS: 565 W. Washington Street, Wernersville, PA 19565
CONTACT: John Gerhard
PH NUMBER: 610-772-0558

REVIEW PERIOD: January 1, 2014 through December 31, 2017
AUDITOR: Jackie Coyle & Michelle Kearns

Reason For Deficiency (RFD):
A - Employer did not contribute for all hours worked by a covered employee
B - Contributions not submitted on all wages

**2017**

| Name | SS Number | | |
|---|---|---|---|
| Matz, Anthony | 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 | | |

Contributions Due for Apprentice — Amount Due

| FUNDS | RATES 2016 | RATES 2017 | RFD A | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL HOURS | | | (HOURS) A | 19.00 | 73.50 | 76.00 | - | 30.00 | - | - | 61.50 | 9.50 | - | - | - | 269.50 |
| TOTAL WAGES | | | WAGES B | 561.97 | 1,655.02 | 1,505.08 | - | 5,035.71 | - | - | 10,816.44 | 310.27 | - | - | - | 19,884.49 |
| HEALTH & WELFARE | $ per hour | $10.42 | $10.77 | 197.98 | 765.87 | 791.92 | - | 323.10 | - | - | 682.36 | 102.32 | - | - | - | 2,843.55 |
| ANNUITY FUND | $ per hour | $1.59 | $1.59 | 30.21 | 116.87 | 120.84 | - | 47.70 | - | - | 97.79 | 15.11 | - | - | - | 428.52 |
| JOB RECOVERY | $ per hour | $0.90 | $0.90 | 17.10 | 66.15 | 68.40 | - | 27.00 | - | - | 55.35 | 8.55 | - | - | - | 242.55 |
| APPRENTICE DC21 | $ per hour | $1.03 | $1.03 | 19.57 | 75.71 | 78.28 | - | 31.50 | - | - | 64.58 | 9.98 | - | - | - | 279.62 |
| INDUSTRY ADVANCE | $ per hour | $0.20 | $0.20 | 3.80 | 14.70 | 15.20 | - | 6.00 | - | - | 12.30 | 1.90 | - | - | - | 53.90 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | 38.00 | 147.00 | 152.00 | - | 60.00 | - | - | 123.00 | 19.00 | - | - | - | 539.00 |
| SCHOLARSHIP FUND | $ per hour | $0.08 | $0.08 | 1.52 | 5.88 | 6.08 | - | 3.00 | - | - | 6.15 | 0.95 | - | - | - | 23.53 |
| HRA FUND | $ per hour | $0.30 | $0.30 | 5.70 | 22.05 | 22.80 | - | 9.00 | - | - | 18.45 | 2.85 | - | - | - | 80.85 |
| DW FINISHER TARG | $ per hour | $0.00 | $0.00 | - | - | - | - | - | - | - | - | - | - | - | - | - |
| ORGANIZING | $ per hour | $0.05 | $0.05 | 0.95 | 3.68 | 3.80 | - | 1.50 | - | - | 3.08 | 0.48 | - | - | - | 13.49 |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.03 | 0.57 | 2.21 | 2.28 | - | 0.90 | - | - | 1.85 | 0.29 | - | - | - | 8.10 |
| PAC FUND | $ per hour | $0.30 | $0.30 | 5.70 | 22.05 | 22.80 | - | 9.00 | - | - | 18.45 | 2.85 | - | - | - | 80.85 |
| ADMIN DUES / HOUR | $ per hour | $0.56 | $0.59 | 10.64 | 41.16 | 42.56 | - | 17.70 | - | - | 36.29 | 5.61 | - | - | - | 153.96 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | 19.67 | 57.93 | 52.68 | - | 176.25 | - | - | 378.58 | 10.86 | - | - | - | 695.97 |
| TOTAL AMOUNT | | | | 351.41 | 1,341.26 | 1,379.64 | - | 712.65 | - | - | 1,478.23 | 180.75 | - | - | - | 5,443.94 |

# Exhibit

# G

LAW OFFICES

# SPEAR WILDERMAN

*A Professional Corporation*

230 SOUTH BROAD STREET, SUITE 1400, PHILADELPHIA, PA  19102

TEL: (215) 732-0101   FAX: (215) 732-7790

WARREN J. BORISH*
SAMUEL L. SPEAR
JAMES F. RUNCKEL
CHARLES T. JOYCE*
BENJAMIN EISNER◊
WENDY CHERICI*
JAMES KATZ*
MARTIN W. MILZ*
LOIS GARBER SCHWARTZ*
NICHOLAS J. BOTTA*
SYRETTA J. MARTIN*
MELISSA A. LOVETT
F. TIGHE BURNS*
THEODORE P. DiMUZIO
CHRISTOPHER R. STOCKTON††
SARAH LEAH TARLOW†
CHRISTOPHER G. CASSIE*

PA BAR EXCEPT:
††NJ BAR
* PA & NJ BAR
◊ PA, NJ & DC BAR
† PA, NY & IL BAR

NJ OFFICE:
1040 N. KINGS HIGHWAY
SUITE 202
CHERRY HILL, NJ 08034
(856) 482-8799 FAX: (856) 482-0343

BRUCE E. ENDY
RETIRED, 2017

LEONARD SPEAR
1923 - 2003

LOUIS H. WILDERMAN
1909 - 1993

November 26, 2018

*Via Certified RRR & First Class Mail*

Gerhard Contracting
Attn: John Gerhard
565 W. Washington Street
Wernersville, PA 19565

**RE:   IUPAT District Counsel No. 21 of Philadelphia Employee Benefit Funds ("Funds") - Delinquent Contributions – Final Notice**

Dear Sir:

Please be advised that this office is co-counsel for the above-referenced Funds.

We have been advised that payment has yet to be made on the liquidated damages resulting from failure to timely submit remittance reports and/or full contributions for work performed from October 2014 through April 2017 in the amount of **$20,250.00**. While we acknowledge the principal amount owed in the amount of $3,179.69 and the interest owed in the amount of $1,141.05 has been collected by the Funds, these liquidated damages remain to be collected.

Additionally, the Funds conducted a payroll audit of the company, covering the period of January 1, 2014 through December 31, 2017. The audit determined that the Company owes the Funds a total of **$28,997.43**, consisting of unpaid fringe benefit contributions for the amount $20,286.33, interest through the present in the amount of $2,633.42, liquidated damages in the amount of $4,057.27, and cost of audit in the amount of $2,020.41. A copy of the audit is attached to this letter.

Together, the Company owes the Funds the total sum of **$49,247.43.**

The Trustees of the Funds have a fiduciary obligation to pursue the recovery of all delinquent amounts owed. Accordingly, please be advised that legal action will be taken unless

Gerhard Contracting 2

this matter is resolved within ten (10) business days from the date of this demand letter. *Should the company fail to cure these delinquencies and the Funds be required to file a complaint against the Company, the Company shall be responsible to the Funds for additional liquidated damages plus attorney's fees and costs associated with the filing.* We urge the Company to take immediate action and correct these concerns by providing payment in the amount of **$49,247.43.**

If you have any questions, please contact me at (215) 732-0101. Thank you.

Sincerely,

**Syretta J. Martin, Esquire**

Enclosure
cc: Brian Smith, Delinquency Controller (via e-mail)



Novak|Francella
LLC | CERTIFIED PUBLIC ACCOUNTANTS

October 31, 2018

Mr. John Gerhard
Gerhard Contracting
565 W. Washington Street
Wernersville, PA  19565

RE: **District Council No. 21 of Philadelphia Employee Benefit Funds and**
    **I.U.P.A.T. Industry Pension Funds**

Dear Mr. Gerhard:

Enclosed, please find copies of our payroll compliance review report detailing, by month, the discrepancies we noted during our recent review of your payroll.

We ask that you review this detail and advise us of any adjustments or challenges to our findings. If we have not heard from you within ten business days from the date of this letter, we will submit our report to the Fund Administrator.

If there are any questions concerning the payroll compliance review, please feel free to contact our Philadelphia office.

We wish to take this opportunity to thank you for your cooperation during the review process.

Sincerely,

MARTA COOPER

ENCLOSURES

NEW YORK | 450 Seventh Avenue, 28th Floor | New York, NY 10123 | 212.279.4262
PHILADELPHIA | One Presidential Blvd, Ste 330 | Bala Cynwyd, PA 19004 | 610.668.9400
WASHINGTON, DC | 7226 Lee DeForest Dr, Ste 201 | Columbia, MD 21046 | 443.832.4009
CONNECTICUT | 255 Route 80, P.O. Box 698 | Killingworth, Connecticut 06419 | 860.663.1190
BOSTON | Independence Wharf, 470 Atlantic Avenue, 4th Floor | Boston, MA 02210 | 617.500.6578



**District Council 21 Employee Benefit Funds**

## PAYROLL COMPLIANCE REVIEW

### REPORT

EMPLOYER:     Gerhard Contracting

ADDRESS:     565 W. Washington Street, Wernersville, PA  19565

DATE PAYROLL REVIEW COMPLETED:     September 12, 2018

REVIEW PERIOD:   January 1, 2014 through December 31, 2017

EMPLOYER REPRESENTATIVE, IF ANY, PRESENT AT THE TIME OF
THE PAYROLL REVIEW:     Mr. John Gerhard

LOCATION OF EXAMINATION:     Novak Francella, LLC.

DOES THE EMPLOYER PAY CONTRIBUTIONS ON:

Non Bargaining Unit Employees:     No     If yes, is there a Participation agreement?

Owner/Operator:     No     If yes, is there an Owner/Operator agreement?

RESULTS OF PAYROLL COMPLIANCE REVIEW:

    A - Employer did not contribute for all hours worked by a covered employee
    B - Contributions not submitted on all wages.



NEW YORK | 450 Seventh Avenue, 28th Floor | New York, NY 10123 | 212.279.4262
PHILADELPHIA | One Presidential Blvd, Ste 330 | Bala Cynwyd, PA 19004 | 610.668.9400
WASHINGTON, DC | 7226 Lee DeForest Dr, Ste 201 | Columbia, MD 21046 | 443.832.4009
CONNECTICUT | 255 Route 80, P.O. Box 698 | Killingworth, Connecticut 06419 | 860.663.1190
BOSTON | Independence Wharf, 470 Atlantic Avenue, 4th Floor | Boston, MA 02210 | 617.500.6578





**Novak | Francella**
LLC | CERTIFIED PUBLIC ACCOUNTANTS

**District Council 21 Employee Benefit Funds**

<u>**PAYROLL COMPLIANCE REVIEW**</u>

<u>**SUMMARY**</u>

EMPLOYER:      Gerhard Contracting

REVIEW PERIOD:   January 1, 2014 through December 31, 2017

| | <u>2014</u> | <u>2015</u> | <u>2016</u> | <u>2017</u> | <u>TOTAL</u> |
|---|---|---|---|---|---|
| Health & Welfare | $ 1,796.34 | $      - | $   6,278.05 | $   2,843.55 | $   9,121.60 |
| Annuity Fund | 904.75 | - | 918.03 | 428.52 | 1,346.55 |
| Job Recovery | 164.50 | - | 542.25 | 242.55 | 784.80 |
| Apprentice DC21 | 166.15 | - | 614.67 | 279.62 | 894.29 |
| Industry Advancement | 32.90 | - | 120.50 | 53.90 | 174.40 |
| Vacation Fund | 329.00 | - | 1,205.00 | 539.00 | 1,744.00 |
| Scholarship Fund | 4.94 | - | 45.98 | 23.58 | 69.56 |
| HRA Fund | 49.35 | - | 180.75 | 80.85 | 261.60 |
| Drywall Finisher Target Fund | - | - | - | - | - |
| Organizing Fund | - | - | 30.14 | 13.49 | 43.63 |
| Benevolent Fund | 4.94 | - | 18.09 | 8.10 | 26.19 |
| PAC Fund | 41.13 | - | 180.75 | 80.85 | 261.60 |
| Dues / hour | 148.05 | - | 335.92 | 153.96 | 489.88 |
| Dues % of Wages | 167.99 | - | 457.01 | 801.18 | 1,258.19 |
| **TOTAL CONTRIB. DUE:** | **$ 3,810.04** | **$      -** | **$  10,927.14** | **$   5,549.15** | **$  20,286.33** |
| Interest | 725.81 | - | 1,288.21 | 375.96 | 2,389.98 |
| *Liquidated Damages** | 762.01 | | 2,185.43 | 1,109.83 | 4,057.27 |
| Cost of Audit | | | | | 2,020.41 |
| **TOTAL AMOUNT DUE:** | | | | | $   28,753.99 |

*\*Please note Liquidated Damages may be due if payment of Principle, Interest and Cost of Audit (if applicable)
is not received within 15 days after notification from Fund Office.*

**NEW YORK** | 450 Seventh Avenue, 28th Floor | New York, NY 10123 | 212.279.4262
**PHILADELPHIA** | One Presidential Blvd, Ste 330 | Bala Cynwyd, PA 19004 | 610.668.9400
**WASHINGTON, DC** | 7226 Lee DeForest Dr, Ste 201 | Columbia, MD 21046 | 443.832.4009
**CONNECTICUT** | 255 Route 80, P.O. Box 698 | Killingworth, Connecticut 06419 | 860.663.1190
**BOSTON** | Independence Wharf, 470 Atlantic Avenue, 4th Floor | Boston, MA 02210 | 617.500.6578 

District Council 21 Employee Benefit Funds

EMPLOYER:  Gerhard Contracting
ADDRESS:  565 W. Washington Street, Wernersville, PA 19565
CONTACT:  John Gerhard
PH NUMBER:  610-772-0558

REVIEW PERIOD:  January 1, 2014 through December 31, 2017
AUDITOR:  Jackie Coyle & Michelle Kearns

Reason For Deficiency (RFD):
A - Employer did not contribute for all hours worked by a covered employee
B - Contributions not submitted on all wages.

| Name | SS Number | 2014 |
|---|---|---|
| Evans, Richard | 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 | |

**Contributions Due for Journeymen Tapers**

| | | | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | RFD A | HOURS | | | | | | | | | | | | | | |
| TOTAL HOURS | | | | | | | | | | 106.50 | 32.00 | | | | 26.00 | 164.50 |
| | RFD B | WAGES | | | | | | | | | | | | | | |
| TOTAL WAGES | | | | | | | | | | $2,823.32 | $848.32 | | | | $1,127.92 | $4,799.56 |

**Amount Due**

| FUNDS | RATES $14/13 | $14/14 | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $10.67 /hr | $10.92 | | | | | | | | $1,162.98 | $349.44 | | | | $283.92 | $1,796.34 |
| ANNUITY FUND | $5.25 /hr | $5.50 | | | | | | | | $585.75 | $176.00 | | | | $143.00 | $904.75 |
| JOB RECOVERY | $0.80 /hr | $1.00 | | | | | | | | $106.50 | $32.00 | | | | $26.00 | $164.50 |
| APPRENTICE DC21 | $0.99 /hr | $1.01 | | | | | | | | $107.57 | $32.32 | | | | $26.26 | $166.15 |
| INDUSTRY ADVANCE | $0.20 /hr | $0.20 | | | | | | | | $21.30 | $6.40 | | | | $5.20 | $32.90 |
| VACATION FUND | $2.00 /hr | $2.00 | | | | | | | | $213.00 | $64.00 | | | | $52.00 | $329.00 |
| SCHOLARSHIP FUND | $0.03 /hr | $0.03 | | | | | | | | $3.20 | $0.96 | | | | $0.78 | $4.94 |
| IRA FUND | $0.30 /hr | $0.30 | | | | | | | | $31.95 | $9.60 | | | | $7.80 | $49.35 |
| DW FINISHER TARG | $0.00 /hr | $0.00 | | | | | | | | - | - | | | | - | - |
| ORGANIZING | $0.00 /hr | $0.03 | | | | | | | | $3.20 | $0.96 | | | | $0.78 | $4.94 |
| BENEVOLENT FUND | $0.25 /hr | $0.25 | | | | | | | | $26.63 | $8.00 | | | | $6.50 | $41.13 |
| PAC FUND | $0.85 /hr | $0.90 | | | | | | | | $95.85 | $28.80 | | | | $23.40 | $148.05 |
| ADMIN DUES / HOUR | $0.00 /hr | $0.00 | | | | | | | | | | | | | | |
| DUES CHECK OFF | 3.50% of wages | 3.50% | | | | | | | | $98.82 | $29.69 | | | | $39.48 | $167.99 |
| TOTAL AMOUNT | | | | | | | | | | $2,456.75 | $738.17 | | | | $615.12 | $3,810.04 |

**District Council 21 Employee Benefit Funds**

EMPLOYER: Gerhard Contracting
ADDRESS: 565 W. Washington Street, Wernersville, PA, 19565
CONTACT: John Gerhard
PH NUMBER: 610-772-3555

REVIEW PERIOD: January 1, 2014 through December 31, 2017
AUDITOR: Jackie Coyle & Michelle Keane

Reason For Deficiency (RED):
A - Employer did not contribute for all hours worked by a covered employee
B - Contributions not submitted on all wages

2016

| Name | SS Number | RED | | HOURS | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Matz, Anthony | 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 | A | WAGES | | | | | | | | | | | | | | |
| | | | TOTAL HOURS | | 74.00 | | | 74.00 | 21.50 | 23.50 | 133.50 | 116.00 | 78.00 | 3.00 | 124.00 | 234.00 | 602.50 |
| | | | TOTAL WAGES | $ | - | $ | - | $ 1,236.86 | $ 440.12 | $ 564.49 | $ 2,975.21 | $ 2,534.60 | $ 1,704.30 | $ - | $ 2,776.83 | $ 835.26 | $ 13,057.67 |

**Contributions Due for Apprentice**

**Amount Due**

| FUNDS: | RATES: | $/2015 | $/2016 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $10.42 | $10.42 | $ - | $ - | $ - | $ 771.08 | $ 224.03 | $ 289.97 | $ 1,390.07 | $ 1,208.72 | $ 812.76 | $ 31.26 | $ 1,292.08 | $ 250.08 | $ 6,278.05 |
| ANNUITY FUND | $ per hour | $1.65 | $1.59 | $ - | $ - | $ - | $ 77.70 | $ 34.19 | $ 45.32 | $ 212.27 | $ 184.44 | $ 124.02 | $ 4.77 | $ 197.16 | $ 381.65 | $ 978.02 |
| ANNUITY FUND | $ per hour | $0.90 | $0.90 | $ - | $ - | $ - | $ 66.60 | $ 19.35 | $ 25.65 | $ 120.15 | $ 104.40 | $ 70.20 | $ 2.70 | $ 111.60 | $ 21.60 | $ 542.25 |
| JOB RECOVERY | $ per hour | $1.03 | $1.03 | $ - | $ - | $ - | $ 70.30 | $ 22.15 | $ 29.36 | $ 137.51 | $ 119.48 | $ 80.34 | $ 3.09 | $ 127.72 | $ 24.73 | $ 614.67 |
| APPRENTICE DC21 | $ per hour | $0.95 | $0.95 | $ - | $ - | $ - | $ 14.80 | $ 4.30 | $ 5.70 | $ 26.70 | $ 23.20 | $ 15.60 | $ 0.60 | $ 24.80 | $ 4.80 | $ 120.50 |
| INDUSTRY ADVANCE | $ per hour | $0.20 | $0.20 | $ - | $ - | $ - | $ 148.00 | $ 43.00 | $ 57.00 | $ 267.00 | $ 232.00 | $ 156.00 | $ 6.00 | $ 248.00 | $ 48.00 | $ 1,205.00 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | $ - | $ - | $ - | $ 3.70 | $ 1.72 | $ 2.28 | $ 10.68 | $ 9.28 | $ 6.24 | $ 0.24 | $ 9.92 | $ 1.92 | $ 45.98 |
| SCHOLARSHIP FUND | $ per hour | $0.05 | $0.08 | $ - | $ - | $ - | $ 22.20 | $ 6.45 | $ 8.55 | $ 40.05 | $ 34.80 | $ 23.40 | $ 0.90 | $ 37.20 | $ 7.20 | $ 180.75 |
| HRA FUND | $ per hour | $0.30 | $0.30 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| DW FINISHER TARG | $ per hour | $0.00 | $0.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| ORGANIZING | $ per hour | $0.05 | $0.05 | $ - | $ - | $ - | $ 3.70 | $ 1.08 | $ 1.43 | $ 6.68 | $ 5.80 | $ 3.90 | $ 0.15 | $ 6.20 | $ 1.20 | $ 30.14 |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.03 | $ - | $ - | $ - | $ 2.22 | $ 0.65 | $ 0.86 | $ 4.01 | $ 3.48 | $ 2.34 | $ 0.09 | $ 3.72 | $ 0.72 | $ 18.09 |
| PAC FUND | $ per hour | $0.30 | $0.30 | $ - | $ - | $ - | $ 22.20 | $ 6.45 | $ 8.55 | $ 40.05 | $ 34.80 | $ 23.40 | $ 0.90 | $ 37.20 | $ 7.20 | $ 180.75 |
| ADMIN DUES / HOUR | $ per hour | $0.54 | $0.56 | $ - | $ - | $ - | $ 39.96 | $ 12.04 | $ 15.96 | $ 74.76 | $ 64.96 | $ 43.68 | $ 1.68 | $ 69.44 | $ 13.44 | $ 333.92 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | $ - | $ - | $ - | $ 43.29 | $ 15.40 | $ 19.76 | $ 104.13 | $ 88.71 | $ 59.65 | $ - | $ 97.19 | $ 28.88 | $ 457.01 |
| | | | TOTAL AMOUNT | $ - | $ - | $ - | $ 1,285.75 | $ 390.81 | $ 517.39 | $ 2,435.06 | $ 2,114.07 | $ 1,421.53 | $ 52.38 | $ 2,262.23 | $ 447.92 | $ 10,927.14 |

# District Council 21 Employee Benefit Funds

EMPLOYER: Gerhard Contracting
ADDRESS: 565 W. Washington Street, Wernersville, PA 19565
CONTACT: John Gerhard
PH NUMBER: 610-772-0558

REVIEW PERIOD: January 1, 2014 through December 31, 2017
AUDITOR: Jackie Coyle & Michelle Kearse

Reason For Deficiency (RFD):
A - Employer did not contribute for all hours worked by a covered employee
B - Contributions not submitted on all wages

**2017**

**Contributions Due for Journeymen Tapers**

| Name | SS Number | RFD | HOURS / WAGES |
|------|-----------|-----|---------------|
| Wilkerley, John | 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 | B | |

| FUNDS | RATES | $0.06 | $0.05 |
|-------|-------|-------|-------|
| HEALTH & WELFARE | $ per hour | $11.57 | $11.92 |
| ANNUITY FUND | $ per hour | $5.64 | $5.64 |
| JOB RECOVERY | $ per hour | $1.00 | $1.00 |
| APPRENTICE DC21 | $ per hour | $1.11 | $1.13 |
| INDUSTRY ADVANCE | $ per hour | $0.20 | $0.20 |
| VACATION FUND | $ per hour | $2.00 | $2.00 |
| SCHOLARSHIP FUND | $ per hour | $0.08 | $0.10 |
| HRA FUND | $ per hour | $0.30 | $0.30 |
| DW FINISHER TARG | $ per hour | $0.94 | $1.41 |
| ORGANIZING | $ per hour | $0.05 | $0.05 |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.03 |
| PAC FUND | $ per hour | $0.30 | $0.30 |
| ADMIN DUES 1/2 HOUR | $ per hour | $0.93 | $0.95 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% |

**Amount Due**

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-------|
| TOTAL HOURS | | | | | | | 3,005.90 | | | | | | 3,005.90 |
| TOTAL WAGES | $ - | $ - | $ - | $ - | $ - | $ - | $ 3,005.90 | $ - | $ - | $ - | $ - | $ - | $ 3,005.90 |
| HEALTH & WELFARE | | | | | | | | | | | | | |
| ANNUITY FUND | | | | | | | | | | | | | |
| JOB RECOVERY | | | | | | | | | | | | | |
| APPRENTICE DC21 | | | | | | | | | | | | | |
| INDUSTRY ADVANCE | | | | | | | | | | | | | |
| VACATION FUND | | | | | | | | | | | | | |
| SCHOLARSHIP FUND | | | | | | | | | | | | | |
| HRA FUND | | | | | | | | | | | | | |
| DW FINISHER TARG | | | | | | | | | | | | | |
| ORGANIZING | | | | | | | | | | | | | |
| BENEVOLENT FUND | | | | | | | | | | | | | |
| PAC FUND | | | | | | | | | | | | | |
| ADMIN DUES 1/2 HOUR | | | | | | | | 105.21 | | | | | | 105.21 |
| DUES CHECK OFF | | | | | | | | 105.21 | | | | | | 105.21 |
| TOTAL AMOUNT | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 105.21 | $ - | $ - | $ - | $ - | $ 105.21 |

**District Council 21 Employee Benefit Funds**

EMPLOYER: Gerhard Contracting
ADDRESS: 565 W. Washington Street, Wernersville, PA 19565
CONTACT: John Gerhard
PH NUMBER: 610-772-0555

REVIEW PERIOD: January 1, 2014 through December 31, 2017
AUDITOR: Jackie Coyle & Michelle Kearns

Reason For Deficiency (RFD):
A - Employer did not contribute for all hours worked by a covered employee
B - Contributions not submitted on all wages

**2017**

| Name | SS Number |
|---|---|
| Saaz, Anthony | 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 |

Contributions Due for Apprentice — Amount Due

| FUNDS | RATES $9/16 | $9/17 | | RJD A (HOURS) | RJD B (WAGES) | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL HOURS | | | | | | 19.00 | 73.50 | 76.00 | - | 30.00 | - | - | 61.50 | 9.50 | - | - | - | 269.50 |
| TOTAL WAGES | | | | | | $561.97 | $1,655.02 | $1,505.08 | - | $5,035.71 | - | - | $10,816.44 | $310.27 | - | - | - | $19,884.49 |
| HEALTH & WELFARE | $10.42 | $10.77 | $ per hour | | | $197.98 | $765.87 | $791.92 | - | $323.10 | - | - | $662.36 | $102.32 | - | - | - | $2,843.55 |
| ANNUITY FUND | $1.59 | $1.59 | $ per hour | | | $30.21 | $116.87 | $120.84 | - | $47.70 | - | - | $97.79 | $15.11 | - | - | - | $428.52 |
| JOB RECOVERY | $0.90 | $0.90 | $ per hour | | | $17.10 | $66.15 | $68.40 | - | $27.00 | - | - | $55.35 | $8.55 | - | - | - | $242.55 |
| APPRENTICE DC21 | $1.03 | $1.05 | $ per hour | | | $19.57 | $75.71 | $78.28 | - | $31.50 | - | - | $64.58 | $9.98 | - | - | - | $279.62 |
| INDUSTRY ADVANCE | $0.20 | $0.20 | $ per hour | | | $3.80 | $14.70 | $15.20 | - | $6.00 | - | - | $12.30 | $1.90 | - | - | - | $53.90 |
| VACATION FUND | $2.00 | $2.00 | $ per hour | | | $38.00 | $147.00 | $152.00 | - | $60.00 | - | - | $123.00 | $19.00 | - | - | - | $539.00 |
| SCHOLARSHIP FUND | $0.08 | $0.10 | $ per hour | | | $1.52 | $5.88 | $6.08 | - | $3.00 | - | - | $6.15 | $0.95 | - | - | - | $23.58 |
| HRA FUND | $0.30 | $0.30 | $ per hour | | | $5.70 | $22.05 | $22.80 | - | $9.00 | - | - | $18.45 | $2.85 | - | - | - | $80.85 |
| DW FINISHER TARG | $0.00 | $0.00 | $ per hour | | | - | - | - | - | - | - | - | - | - | - | - | - | - |
| ORGANIZING | $0.05 | $0.05 | $ per hour | | | 0.95 | 3.68 | 3.80 | - | 1.50 | - | - | 3.08 | 0.48 | - | - | - | 13.49 |
| BENEVOLENT FUND | $0.03 | $0.03 | $ per hour | | | 0.57 | 2.21 | 2.28 | - | 0.90 | - | - | 1.85 | 0.29 | - | - | - | 8.10 |
| PAC FUND | $0.30 | $0.30 | $ per hour | | | 5.70 | 22.05 | 22.80 | - | 9.00 | - | - | 18.45 | 2.85 | - | - | - | 80.85 |
| ADMIN DUES / HOUR | $0.56 | $0.59 | $ per hour | | | 10.64 | 41.16 | 42.56 | - | 17.70 | - | - | 36.29 | 5.61 | - | - | - | 153.96 |
| DUES CHECK OFF | 3.50% | 3.50% | % of wages | | | 19.67 | 57.93 | 52.68 | - | 176.25 | - | - | 378.58 | 10.86 | - | - | - | 695.97 |
| TOTAL AMOUNT | | | | | | $351.41 | $1,341.26 | $1,379.64 | - | $712.65 | - | - | $1,478.23 | $180.75 | - | - | - | $5,443.94 |

# Exhibit

# H



# DISTRICT COUNCIL No. 21
## INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES

*Benefit Funds*

2980 SOUTHAMPTON-BYBERRY ROAD • PHILADELPHIA, PA 19154-1297

(215) 934-5130
(215) 698-0978
1 800-252-7252
FAX (215) 934-5418

MICHAEL R. PREVITERA
*Fund Administrator*

December 18, 2018

Dear Employer,

An original Payroll Compliance Review notice was sent to you from Novak Francella and this is your second notice in regards to the Payroll Compliance Review that was completed on *September 12, 2018* to determine whether contributions to the I.U.P.A.T. District Council 21 Benefit Funds are being made in accordance with the Collective Bargaining Agreement. The results of that review indicated a discrepancy in the amount of $ *28,753.99*. Please remit this amount within fifteen (15) days upon receipt of this notice, or the I.U.P.A.T. District Council 21 Benefit Funds will assess Liquidated Damages and may ***refer this matter to Legal Counsel***.

I have enclosed a copy of the report for your review. If you have any questions, please contact the I.U.P.A.T DC21 Benefit Fund Office at 215-934-5130.

Respectfully,

*Brian Smith*

Brian Smith
Delinquency Controller
DC21 Benefit Funds Office

cc: Marty Milz, Esquire
    Michael Previtera, Fund Administrator


Novak|Francella
LLC | CERTIFIED PUBLIC ACCOUNTANTS

October 31, 2018


Mr. John Gerhard
Gerhard Contracting
565 W. Washington Street
Wernersville, PA  19565

RE: **District Council No. 21 of Philadelphia Employee Benefit Funds and
    I.U.P.A.T. Industry Pension Funds**

Dear Mr. Gerhard:

Enclosed, please find copies of our payroll compliance review report detailing, by month, the
discrepancies we noted during our recent review of your payroll.

We ask that you review this detail and advise us of any adjustments or challenges to our findings.
If we have not heard from you within ten business days from the date of this letter, we will
submit our report to the Fund Administrator.

If there are any questions concerning the payroll compliance review, please feel free to contact
our Philadelphia office.

We wish to take this opportunity to thank you for your cooperation during the review process.

Sincerely,

MARTA COOPER

ENCLOSURES

NEW YORK | 450 Seventh Avenue, 28th Floor | New York, NY 10123 | 212.279.4262
PHILADELPHIA | One Presidential Blvd, Ste 330 | Bala Cynwyd, PA 19004 | 610.668.9400
WASHINGTON, DC | 7226 Lee DeForest Dr, Ste 201 | Columbia, MD 21046 | 443.832.4009
CONNECTICUT | 255 Route 80, P.O. Box 698 | Killingworth, Connecticut 06419 | 860.663.1190
BOSTON | Independence Wharf, 470 Atlantic Avenue, 4th Floor | Boston, MA 02210 | 617.500.6578



**District Council 21 Employee Benefit Funds**

## PAYROLL COMPLIANCE REVIEW

## REPORT

EMPLOYER:     Gerhard Contracting

ADDRESS:     565 W. Washington Street, Wernersville, PA  19565

DATE PAYROLL REVIEW COMPLETED:     September 12, 2018

REVIEW PERIOD:   January 1, 2014 through December 31, 2017

EMPLOYER REPRESENTATIVE, IF ANY, PRESENT AT THE TIME OF
THE PAYROLL REVIEW:     Mr. John Gerhard

LOCATION OF EXAMINATION:   Novak Francella, LLC.

DOES THE EMPLOYER PAY CONTRIBUTIONS ON:

Non Bargaining Unit Employees:     No     If yes, is there a Participation agreement?

Owner/Operator:     No     If yes, is there an Owner/Operator agreement?

RESULTS OF PAYROLL COMPLIANCE REVIEW:

   A - Employer did not contribute for all hours worked by a covered employee
   B - Contributions not submitted on all wages.



NEW YORK | 450 Seventh Avenue, 28th Floor | New York, NY 10123 | 212.279.4262
PHILADELPHIA | One Presidential Blvd, Ste 330 | Bala Cynwyd, PA 19004 | 610.668.9400
WASHINGTON, DC | 7226 Lee DeForest Dr, Ste 201 | Columbia, MD 21046 | 443.832.4009
CONNECTICUT | 255 Route 80, P.O. Box 698 | Killingworth, Connecticut 06419 | 860.663.1190
BOSTON | Independence Wharf, 470 Atlantic Avenue, 4th Floor | Boston, MA 02210 | 617.500.6578



# Novak Francella
### LLC | CERTIFIED PUBLIC ACCOUNTANTS

**District Council 21 Employee Benefit Funds**

## PAYROLL COMPLIANCE REVIEW

### SUMMARY

EMPLOYER:     Gerhard Contracting

REVIEW PERIOD:     January 1, 2014 through December 31, 2017

| | 2014 | 2015 | 2016 | 2017 | TOTAL |
|---|---|---|---|---|---|
| Health & Welfare | $ 1,796.34 | $        - | $   6,278.05 | $   2,843.55 | $   9,121.60 |
| Annuity Fund | 904.75 | - | 918.03 | 428.52 | 1,346.55 |
| Job Recovery | 164.50 | - | 542.25 | 242.55 | 784.80 |
| Apprentice DC21 | 166.15 | - | 614.67 | 279.62 | 894.29 |
| Industry Advancement | 32.90 | - | 120.50 | 53.90 | 174.40 |
| Vacation Fund | 329.00 | - | 1,205.00 | 539.00 | 1,744.00 |
| Scholarship Fund | 4.94 | - | 45.98 | 23.58 | 69.56 |
| HRA Fund | 49.35 | - | 180.75 | 80.85 | 261.60 |
| Drywall Finisher Target Fund | - | - | - | - | - |
| Organizing Fund | - | - | 30.14 | 13.49 | 43.63 |
| Benevolent Fund | 4.94 | - | 18.09 | 8.10 | 26.19 |
| PAC Fund | 41.13 | - | 180.75 | 80.85 | 261.60 |
| Dues / hour | 148.05 | - | 335.92 | 153.96 | 489.88 |
| Dues % of Wages | 167.99 | - | 457.01 | 801.18 | 1,258.19 |
| **TOTAL CONTRIB. DUE:** | **$ 3,810.04** | **$        -** | **$ 10,927.14** | **$   5,549.15** | **$ 20,286.33** |
| Interest | 725.81 | - | 1,288.21 | 375.96 | 2,389.98 |
| *Liquidated Damages** | 762.01 | - | 2,185.43 | 1,109.83 | 4,057.27 |
| Cost of Audit | | | | | 2,020.41 |
| **TOTAL AMOUNT DUE:** | | | | | $   28,753.99 |

*Please note Liquidated Damages may be due if payment of Principle, Interest and Cost of Audit (if applicable)
is not received within 15 days after notification from Fund Office.*

NEW YORK | 450 Seventh Avenue, 28th Floor | New York, NY 10123 | 212.279.4262
PHILADELPHIA | One Presidential Blvd, Ste 330 | Bala Cynwyd, PA 19004 | 610.668.9400
WASHINGTON, DC | 7226 Lee DeForest Dr, Ste 201 | Columbia, MD 21046 | 443.832.4009
CONNECTICUT | 255 Route 80, P.O. Box 698 | Killingworth, Connecticut 06419 | 860.663.1190
BOSTON | Independence Wharf, 470 Atlantic Avenue, 4th Floor | Boston, MA 02210 | 617.500.6578

District Council 21 Employee Benefit Funds

EMPLOYER: Gerhard Contracting
ADDRESS: 565 W. Washington Street, Wernersville, PA 19565
CONTACT: John Gerhard
PH NUMBER: 610-772-0555

REVIEW PERIOD: January 1, 2014 through December 31, 2017
AUDITOR: Jackie Coyle & Michele Keane

Reason For Deficiency (RFD):
A - Employer did not contribute for all hours worked by a covered employee
B - Contributions not submitted on all wages.

Contributions Due for Journeymen Tapers

| 2014 | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | SS Number | RFD | HOURS | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
| Evans, Richard | 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 | A | WAGES | | | | | | | | | | | | | |
| | | | TOTAL HOURS | | | | | | | | 106.50 | | | | | 26.00 | 164.50 |
| | | | TOTAL WAGES $ | - | - | - | - | - | - | 2,823.32 | 848.32 | - | - | - | 1,127.92 | 4,799.56 |

| FUNDS | RATES | | Amount Due | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | $0/13 | $0/14 | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
| HEALTH & WELFARE | $10.67 | $10.92 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ 1,162.98 | $ 349.44 | $ - | $ - | $ - | $ 283.92 | $ 1,796.34 |
| ANNUITY FUND | $5.25 | $5.50 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ 585.75 | $ 176.00 | $ - | $ - | $ - | $ 143.00 | $ 904.75 |
| JOB RECOVERY | $0.80 | $1.00 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ 106.50 | $ 32.00 | $ - | $ - | $ - | $ 26.00 | $ 164.50 |
| APPRENTICE DC21 | $0.99 | $1.01 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ 107.57 | $ 32.32 | $ - | $ - | $ - | $ 26.26 | $ 166.15 |
| INDUSTRY ADVANCE | $0.20 | $0.20 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ 21.30 | $ 6.40 | $ - | $ - | $ - | $ 5.20 | $ 32.90 |
| VACATION FUND | $2.00 | $2.00 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ 213.00 | $ 64.00 | $ - | $ - | $ - | $ 52.00 | $ 329.00 |
| SCHOLARSHIP FUND | $0.03 | $0.03 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ 3.20 | $ 0.96 | $ - | $ - | $ - | $ 0.78 | $ 4.94 |
| IRA FUND | $0.30 | $0.30 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ 31.95 | $ 9.60 | $ - | $ - | $ - | $ 7.80 | $ 49.35 |
| DW FINISHER TARG | $0.00 | $0.00 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| ORGANIZING | $0.00 | $0.00 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| BENEVOLENT FUND | $0.00 | $0.03 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ 3.20 | $ 0.96 | $ - | $ - | $ - | $ 0.78 | $ 4.94 |
| PAC FUND | $0.25 | $0.25 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ 26.63 | $ 8.00 | $ - | $ - | $ - | $ 6.50 | $ 41.13 |
| ADMIN DUES / HOUR | $0.85 | $0.90 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ 95.85 | $ 28.80 | $ - | $ - | $ - | $ 23.40 | $ 148.05 |
| DUES CHECK OFF | 3.50% | 3.50% | % of wages | $ - | $ - | $ - | $ - | $ - | $ - | $ 98.82 | $ 29.69 | $ - | $ - | $ - | $ 39.48 | $ 167.99 |
| | | | TOTAL AMOUNT | $ - | $ - | $ - | $ - | $ - | $ - | $ 2,456.75 | $ 738.17 | $ - | $ - | $ - | $ 615.12 | $ 3,810.04 |

**District Council 21 Employee Benefit Funds**

EMPLOYER: Gerhard Contracting
ADDRESS: 565 W. Washington Street, Wernersville, PA 19565
CONTACT: John Gerhard
PH NUMBER: 610-772-0555

REVIEW PERIOD: January 1, 2014 through December 31, 2017
AUDITOR: Jackie Coyle & Michelle Keague

Reason For Deficiency (RFD):
A - Employer did not contribute for all hours worked by a covered employee
B - Contributions not submitted on all wages.

2016

| Name | SS Number | RFD | HOURS | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|------|-----------|-----|-------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-------|
| Katz, Anthony | 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 | A | HOURS | | | | 74.00 | 21.50 | 28.50 | 133.50 | 116.00 | 78.00 | 3.00 | 134.00 | 24.00 | 602.50 |
| | | | TOTAL HOURS | | | | 74.00 | 21.50 | 28.50 | 133.50 | 116.00 | 78.00 | 3.00 | 134.00 | 24.00 | 602.50 |
| | | | TOTAL WAGES $ | $ - | $ - | $ - | $ 1,236.86 | $ 440.12 | $ 564.49 | $ 2,975.21 | $ 2,534.60 | $ 1,704.50 | $ - | $ 2,776.83 | $ 825.26 | $ 13,057.67 |

Contributions Due for Apprentice

| FUNDS | RATES | 2015 | 2016 | | | | | | | | | | | | | |
|-------|-------|------|------|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $10.42 | $10.42 | | | | $ 771.08 | $ 224.03 | $ 296.97 | $ 1,391.07 | $ 1,208.72 | $ 812.76 | $ 31.26 | $ 1,396.28 | $ 250.08 | $ 6,278.05 |
| ANNUITY FUND | $ per hour | $1.65 | $1.59 | | | | $ 77.70 | $ 34.19 | $ 45.32 | $ 212.27 | $ 184.44 | $ 124.02 | $ 4.77 | $ 197.16 | $ 38.15 | $ 918.03 |
| JOB RECOVERY | $ per hour | $0.90 | $0.90 | | | | $ 66.60 | $ 19.35 | $ 25.65 | $ 120.15 | $ 104.40 | $ 70.20 | $ 2.70 | $ 111.60 | $ 21.60 | $ 542.25 |
| APPRENTICE DC21 | $ per hour | $0.95 | $1.03 | | | | $ 70.50 | $ 22.15 | $ 29.36 | $ 137.51 | $ 119.48 | $ 80.34 | $ 3.09 | $ 127.72 | $ 24.72 | $ 614.67 |
| INDUSTRY ADVANCE | $ per hour | $0.20 | $0.20 | | | | $ 14.80 | $ 4.30 | $ 5.70 | $ 26.70 | $ 23.20 | $ 15.60 | $ 0.60 | $ 24.80 | $ 4.80 | $ 120.50 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | | | | $ 148.00 | $ 43.00 | $ 57.00 | $ 267.00 | $ 232.00 | $ 156.00 | $ 6.00 | $ 248.00 | $ 48.00 | $ 1,205.00 |
| SCHOLARSHIP FUND | $ per hour | $0.05 | $0.08 | | | | $ 3.70 | $ 1.72 | $ 2.28 | $ 10.68 | $ 9.28 | $ 6.24 | $ 0.24 | $ 9.92 | $ 1.92 | $ 45.98 |
| HRA FUND | $ per hour | $0.30 | $0.30 | | | | $ 22.20 | $ 6.45 | $ 8.55 | $ 40.05 | $ 34.80 | $ 23.40 | $ 0.90 | $ 37.20 | $ 7.20 | $ 180.75 |
| DW FINISHER TARG | $ per hour | $0.00 | $0.00 | | | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| ORGANIZING | $ per hour | $0.05 | $0.05 | | | | $ 3.70 | $ 1.08 | $ 1.43 | $ 6.68 | $ 5.80 | $ 3.90 | $ 0.15 | $ 6.20 | $ 1.20 | $ 30.14 |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.03 | | | | $ 2.22 | $ 0.65 | $ 0.86 | $ 4.01 | $ 3.48 | $ 2.34 | $ 0.09 | $ 3.72 | $ 0.72 | $ 18.09 |
| PAC FUND | $ per hour | $0.30 | $0.30 | | | | $ 22.20 | $ 6.45 | $ 8.55 | $ 40.05 | $ 34.80 | $ 23.40 | $ 0.90 | $ 37.20 | $ 7.20 | $ 180.75 |
| ADMIN DUES / HOUR | $ per hour | $0.54 | $0.56 | | | | $ 39.96 | $ 12.04 | $ 15.96 | $ 74.76 | $ 64.96 | $ 43.68 | $ 1.68 | $ 69.44 | $ 13.41 | $ 335.92 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | | | | $ 43.29 | $ 15.40 | $ 19.76 | $ 104.13 | $ 88.71 | $ 59.65 | $ - | $ 97.19 | $ 28.88 | $ 457.01 |
| | TOTAL AMOUN | | | $ - | $ - | $ - | $ 1,285.75 | $ 390.81 | $ 517.39 | $ 2,435.06 | $ 2,114.07 | $ 1,421.53 | $ 52.38 | $ 2,262.23 | $ 447.92 | $ 10,927.14 |

Amount Due

**District Council 21 Employee Benefit Funds**

EMPLOYER: Gerhard Contracting
ADDRESS: 565 W. Washington Street, Westersville, PA 19365
CONTACT: John Gerhard
PH NUMBER: 610-772-0558

REVIEW PERIOD: January 1, 2014 through December 31, 2017
AUDITOR: Jackie Coyle & Michelle Kearse

Reason For Deficiency (RFD):
A – Employer did not contribute for all hours worked by a covered employee
B – Contributions not submitted on all wages

**Contributions Due for Journeymen Tapers**

2017

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Wheeling, John | 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 | B | HOURS | | | | | | | | | | | | | |
| | | | WAGES | | | | | | | | | | | | | |

| | | | TOTAL HOURS | | | | | | | | 3,005.09 | | | | | 3,005.09 |
| | | | TOTAL WAGES | $ | $ | $ | $ | $ | $ | $ | $ 3,005.90 | $ | $ | $ | $ | $ 3,005.90 |

**Amount Due**

| FUNDS | RATES 9/2016 | 3/2017 | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $11.57 | $11.92 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| ANNUITY FUND | $5.64 | $5.64 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| JOB RECOVERY | $1.00 | $1.00 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| APPRENTICE DC21 | $1.13 | $1.13 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| INDUSTRY ADVANCE | $0.20 | $0.20 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| VACATION FUND | $2.00 | $2.00 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| SCHOLARSHIP FUND | $0.10 | $0.10 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| HRA FUND | $0.30 | $0.30 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| DW FINISHER TARG | $0.94 | $1.41 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| ORGANIZING | $0.05 | $0.05 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| BENEVOLENT FUND | $0.03 | $0.03 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| PAC FUND | $0.30 | $0.30 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| ADMIN DUES / HOUR | $0.93 | $0.95 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| DUES CHECK OFF | 3.50% | 3.50% | % of wages | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 105.21 | $ - | $ - | $ - | $ - | 105.21 |
| | | | TOTAL AMOUNT | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 105.21 | $ - | $ - | $ - | $ - | $ 105.21 |

**District Council 21 Employee Benefit Funds**

EMPLOYER: Gerhard Contracting
ADDRESS: 565 W. Washington Street, Wernersville, PA 19565
CONTACT: John Gerhard
PH NUMBER: 610-772-0558

REVIEW PERIOD: January 1, 2014 through December 31, 2017
AUDITOR: Jackie Coyle & Michelle Kearse

Reason For Deficiency (RFD):
A - Employer did not contribute for all hours worked by a covered employee
B - Contributions not submitted on all wages

**2017**

| Name | SS Number | RFD |
|------|-----------|-----|
| Matz, Anthony | 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 | A |

| | | | | | Contributions Due for Apprentice | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FUNDS | RATES | $(16) | $(18) | HOURS/WAGES | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
| | | | | **Amount Due** | | | | | | | | | | | | | |
| TOTAL HOURS | | | | | 19.00 | 73.50 | 76.00 | - | 38.00 | - | - | 61.50 | 9.50 | - | - | - | 269.50 |
| TOTAL WAGES | | | | | 561.97 | 1,655.02 | 1,505.08 | - | 5,035.71 | - | - | 10,816.44 | 310.27 | - | - | - | 19,884.49 |
| HEALTH & WELFARE | $ per hour | $10.42 | $10.77 | | 197.98 | 765.87 | 791.92 | - | 323.10 | - | - | 662.36 | 102.32 | - | - | - | 2,843.55 |
| ANNUITY FUND | $ per hour | $1.59 | $1.59 | | 30.21 | 116.87 | 120.84 | - | 42.70 | - | - | 97.79 | 15.11 | - | - | - | 423.52 |
| JOB RECOVERY | $ per hour | $0.50 | $0.50 | | 17.10 | 66.15 | 68.40 | - | 27.00 | - | - | 53.55 | 8.55 | - | - | - | 242.55 |
| APPRENTICE DC21 | $ per hour | $1.03 | $1.03 | | 19.57 | 75.71 | 78.28 | - | 31.50 | - | - | 64.38 | 9.98 | - | - | - | 279.92 |
| INDUSTRY ADVANCE | $ per hour | $0.20 | $0.20 | | 3.80 | 14.70 | 15.20 | - | 6.00 | - | - | 12.30 | 1.90 | - | - | - | 53.90 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | | 38.00 | 147.00 | 132.00 | - | 60.00 | - | - | 123.00 | 19.00 | - | - | - | 539.00 |
| SCHOLARSHIP FUND | $ per hour | $0.08 | $0.08 | | 1.52 | 5.88 | 6.08 | - | 3.00 | - | - | 6.15 | 0.95 | - | - | - | 23.18 |
| DW FINISHER TARG | $ per hour | $0.30 | $0.30 | | 5.70 | 22.05 | 22.80 | - | 9.00 | - | - | 18.45 | 2.85 | - | - | - | 80.85 |
| HRA FUND | $ per hour | $0.30 | $0.30 | | 5.70 | 22.05 | 22.80 | - | 9.00 | - | - | 18.45 | 2.85 | - | - | - | 80.85 |
| ORGANIZING | $ per hour | $0.05 | $0.05 | | 0.95 | 3.68 | 3.80 | - | 1.50 | - | - | 3.08 | 0.48 | - | - | - | 13.49 |
| BENEVOLENT FUND | $ per hour | $0.05 | $0.05 | | 0.57 | 2.21 | 2.28 | - | 0.90 | - | - | 1.85 | 0.29 | - | - | - | 8.10 |
| PAC FUND | $ per hour | $0.30 | $0.30 | | 5.70 | 22.05 | 22.80 | - | 9.00 | - | - | 18.45 | 2.85 | - | - | - | 80.85 |
| ADMIN DUES/HOUR | $ per hour | $0.56 | $0.59 | | 10.64 | 41.16 | 42.56 | - | 17.70 | - | - | 36.29 | 5.61 | - | - | - | 153.96 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | | 19.67 | 57.93 | 52.68 | - | 176.25 | - | - | 378.58 | 10.86 | - | - | - | 695.97 |
| TOTAL AMOUNT | | | | | $ 351.41 | $ 1,341.26 | $ 1,379.64 | - | $ 712.65 | - | - | $ 1,478.23 | $ 180.75 | - | - | - | $ 5,443.94 |